In the Matter of CHRISTINE C. DARLINGTON, Petitioner, for an Order Awarding to Her the Custody of Her Infant Children, VIRGINIA COBB and CHRISTINE COBB.

AUGUSTUS SMITH COBB, Respondent.

Supreme Court, New York County, February 4, 1930.

*Max D. Steuer*, for the petitioner.

*Isidor J. Kresel*, for the respondent.

LEVY, J. By this proceeding, which is in the nature of habeas corpus, the petitioner seeks the custody of two of her younger children, Virginia and Christine. The respondent resists the proceeding and thus presents two important items of consideration: *First*, he claims that due to the addiction of the petitioner to the use of morphine, she is not a proper person for such custody. *Second*, that it would prove deleterious to permit the children to be subject to the control of the petitioner's present husband.

It appears that as to Virginia, no serious contest is offered, as

this child is at Rosemary Hall at Greenwich, Conn., where her older sister Jean is attending, and into which school respondent, with the consent of the petitioner, caused her admittance. As to Christine, who is approximately seven years of age, it may be said that the petitioner seeks her custody with a view of carrying her to Switzerland where the petitioner resides. This presents an extremely difficult situation, for were the petitioner to remain within the jurisdiction of this State, a solution of this problem could far more easily be reached.

Controversies of this character are not without their full measure of pain and anguish, yet they must be governed by considerations of expediency and equity, and the paramount concern of the court necessarily is the welfare and interests of the child. This must be the guide for the judgment of the court, and if the custody is to be awarded to either parent, it should be to that one shown to be best equipped morally and otherwise to discharge the grave responsibility of properly caring for the child. The record here is replete with evidence that the petitioner was addicted to the continued use of morphine. Undoubtedly, she has made great gain in obtaining mastery over herself, but that she has made complete recovery it is impossible to conclude. It is equally impossible to say that there is full protection against sudden and total relapse. She may yet fully abandon the habit and come to herself, but time alone can test the thoroughness of the cure attempted. In this connection, the testimony of Dr. George B. Wallace and Dr. Menas S. Gregory is not only instructive but materially helpful.

Perchance, if it appear that she be not cured of her addiction, the situation becomes all the more complex. In that circumstance, this child should not be left to the mercy of the stepfather, for reasons which the record makes perfectly patent. Evidently, his course of conduct prior to his marriage left these children unfriendly to him, and the treatment accorded them makes very uncertain the happiness of the child involved. The testimony of Mme. Helen Guerry Renault is but an added item of proof in this direction. Indeed, it would not enure to the benefit of this child to subject her to a repetition of the past.

In the circumstances, the court cannot give to the petitioner's control this helpless child until she is able to establish by an entire abandonment of her unfortunate habit — and such abandonment tested by time — that she is fit to have these children placed in her hands. It seems to me, therefore, that the children had better remain just where they are for the present, and after an interval of approximately six months, this application may be renewed. The application is denied.