Marcus G. Christ, J.
This is a proceeding by writ of habeas corpus in which the father of Melloney June Del Rosso seeks custody. This two-year-old child is now living with her maternal grandfather and grandmother, the mother having died. The child is in a good home where there appears to be affection and interest. However, despite this, a parent has a paramount right to custody over anyone else unless there are “ special and *850 weighty circumstances ” to negative this rule (People ex rel. Kropp v. Shepsky, 305 N . Y. 465, 468-469). Such circumstances exist here. The father has not remarried. He lives with his father and mother and proposes to take the baby there. The paternal grandmother now works but states that if they get the custody of the baby she will give up her position and devote the time to the child. The father has a record of instability. He was in an asylum as a marijuana addict but he was released. His life with the child’s mother was stormy and there was testimony in the case to justify a finding that he had been abusive to her on occasions. During the hearing proof was adduced by certified copies of conviction that in February of this year the petitioner pleaded guilty to a charge of violating subdivision 5-a of section 70 of the Vehicle and Traffic Law and received a 30-day jail sentence, execution suspended, and was ordered to pay a $100 fine or serve a jail sentence of 100 days. At the same time the petitioner pleaded guilty to a charge of violating subdivision 6 of section 70 of the Vehicle and Traffic Law and on such plea received a 30-day jail sentence, execution suspended, and was ordered to pay a fine of $25 or serve a jail sentence of 25 days. Later, on March 22, 1956, on his plea of guilty, the petitioner was sentenced to 30 days in the Nassau County jail for a violation of section 58 of the Vehicle and Traffic Law (reckless driving). Since the hearing in this matter was closed and while the court had the matter under consideration for decision, the petitioner has again been in trouble. A transcript of proceedings held in the District Court of the County of Nassau has been brought to the court’s notice showing that on November 1, 1956, the petitioner pleaded guilty to a charge of assault (Penal Law, § 244, subd. 1) committed against a police officer in a tavern under circumstances which demonstrate that the petitioner is not a stable person. On November 20, 1956, the petitioner was sentenced to six months in the Nassau County jail with credit for time already served. Upon all the facts in this matter the petition is denied and the writ dismissed.
Submit order.