■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CONSTANCE BODLEY GALLINGER, Appellant, v ARTHUR V. GALLINGER, NATALIE GALLINGER and DONALD GALLINGER, Respondents.—Judgment unanimously affirmed, without costs. Memorandum: Petitioner brought this habeas corpus proceeding seeking custody of her minor child. The trial court dismissed her writ and adjudged that custody of the child be awarded to respondent paternal grandparents, subject to visitation rights extended to petitioner, respondent natural father and the maternal grandparents. We agree with this determination. In March, 1970 at a time when her child was two and one-half years old, petitioner surrendered the child to her estranged husband, the natural father, who placed the child in the care of respondent paternal grandparents. The evidence shows that petitioner was capable of supporting her child at that time but chose to remain with her paramour rather than care for her child. During the next three years, while the child lived comfortably with the paternal grandparents, petitioner never communicated with her daughter. She never sent her a birthday card, Christmas card or any money for her support. In addition, there was never an inquiry by petitioner into the health or status of the child. It was not until the fall of 1973 that petitioner expressed a desire to have her daughter with her. Pursuant to a court order issued in the spring of 1974 petitioner was permitted to have custody of her child on weekends for the remainder of that school year and during the summer of 1974 except for weekends. The record shows that the child did not enjoy being with petitioner and particularly with her new husband. In the fall of 1974 respondent paternal grandparents refused to allow the child to remain with petitioner, and the child has since resided with respondents. We find no merit in petitioner's contention that the decision of the court that the best interests of the child dictate that she remain in the custody of her paternal grandparents was improper. Due to the surrender by petitioner of her child at the age of two and one half and the extended disruption of custody between the natural parent and the child, there was ample evidence of extraordinary circumstances to support the utilization of the "best interests" test by the trial court in determining who should have custody of the child (*Matter of Bennett v Jeffreys*, 40 NY2d 543, 549). Factors to be considered in determining the best interests of the child are the age of the child, the fact and length of custody by the nonparent, the psychological trauma to the child of removing it from its present environment and the qualifications, circumstances and backgrounds of the parent and nonparent custodian (see *Matter of Bennett v Jeffreys, supra,* pp 550-552). Throughout virtually her entire life, the child has been loved, cared for and provided for by her paternal grandparents. She has grown accustomed to her home environment and enjoys being with her

many friends there. It is quite apparent that the grandparents devote a great amount of time working with the child in those areas of her upbringing that are so important during a child's development. Inasmuch as the evidence reveals that petitioner has little basis for taking on the obligations of parenthood, the trial court's determination as to the best interests of the child was proper. (Appeal from judgment of Onondaga Supreme Court—habeas corpus.) Present—Moule, J. P., Cardamone, Simons, Dillon and Witmer, JJ.