■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. GERALDINE WILSON, on Behalf of MARK WILSON, an Infant, Appellant, v CORRINE WILSON, Respondent.—Judgment (denominated an order) of the Family Court, New York County, entered on or about October 29, 1975, which dismissed the petition seeking a writ of habeas corpus, reversed, on the law, without costs and without disbursements, and the matter remanded for hearing in accordance with this decision. Upon our review of the hearing in the habeas corpus proceeding wherein the court considered whether the custody of the infant, now 15 years of age, should be taken from respondent grandmother with whom the infant resided and restored to petitioner, his mother, we find the record too sparse for appellate review. Although a natural parent has a right to custody of his or her child, that right is, however, not absolute *(Matter of Bennett v Jeffreys,* 40 NY2d 543, 546; *Matter of Spence-Chapin Adoption Serv. v Polk,* 29 NY2d 196, 204). Where a court finds there are extraordinary circumstances which would drastically affect the child's welfare, custody must be determined on the basis of the "best interest of the child" rather than merely on parental "right". Extraordinary circumstances do not, per se, justify depriving a natural parent of custody. When the "best interest" test becomes applicable, the court must consider and appropriately weigh all relevant factors including the parent's and child's "rights", in order to reach a proper judgment as to custody of the child *(Matter of Bennett v Jeffreys, supra).* In the case before us, there appear to be extraordinary circumstances, namely, petitioner's voluntary surrender of the child's custody for an extended period of time, the prolonged residence of the infant with his grandmother, the unwed status of petitioner, that she

was living with a paramour who himself was wed to another and had three children, and that at one time she had a drinking and emotional problem, the latter of which may still persist. We find, however, that the hearing conducted by the court below did not permit in-depth development of the facts necessary to determine the "best interest" of the child. For example, the record does not disclose that the child was called upon to testify. Furthermore, the court failed to permit counsel to inquire into the contacts and relationship petitioner had with the child throughout the years, and a psychiatric worker was not permitted in any meaningful way to elaborate as to his evaluation of petitioner's success in meeting her emotional problems, all of which prevented a free development of the issues relating to the child's best interests. In these circumstances, it is difficult to conclude that the trial court or this court could make "considered social judgments in this society respecting the family and parenthood" *(Matter of Spence-Chapin Adoption Serv. v Polk, supra,* p 204). The hearing on remand should be in accord with the principle enunciated in *Matter of Bennett v Jeffreys (supra)* and before a different Judge. Concur—Birns, Capozzoli, Nunez and Lynch, JJ.; Kupferman, J. P., dissents in part in the following memorandum: I concur in the court's analysis that the circumstances were such as to require that the standard be "the best interest of the child" rather than parental right. The child and his mother lived with the grandmother until the child was five years of age, and since then he has lived with the grandmother. The Trial Judge properly applied this standard but did not inquire as to what the infant, who is now 15 years of age, thought of the situation. I cannot fault the Trial Judge in the Family Court for his need to proceed expeditiously. The exigencies of the system do not leave a Family Court Judge time for in-depth consideration and reflection, although more is the pity. There is no need to assign the matter on remand to a different Judge.