■ In the Matter of JONATHAN D. JEWISH CHILD CARE ASSOCIATION,

Appellant; DANIELLE F. D., Respondent.—Order, Family Court, New York County, entered September 16, 1977, dismissing the petition for a declaration of permanent neglect and directing that the child be returned to the natural mother at the end of the school year in June of 1978, unanimously modified, on the law, without costs or disbursements, to the extent of deleting that portion of the order which directed the return of the child to the mother, and the matter remitted to the Family Court for a dispositional hearing on the issue of the best interest of the child, and except, as thus modified, affirmed. Jonathan D. was born in 1968 to Danielle and Joseph D. In 1971 Danielle placed Jonathan with the Jewish Child Care Association because of a marital crisis. The Jewish Child Care Association placed Jonathan with a foster family with whom he has resided for six and one-half years. The parents have since divorced, and in December, 1976 the Jewish Child Care Association filed a petition to declare that Jonathan was permanently neglected. After a fact-finding hearing held in April, 1977, Family Court found that there was no permanent neglect or abandonment of the child and ordered that custody of Jonathan revert to the natural mother at the end of the school year in June, 1978. We agree that permanent neglect has not been established, but find that the Family Court erred in ordering the child returned to the natural mother without inquiry into the best interest of the child relative to custodial disposition. The petition was brought solely to terminate parental rights. In light of the fact that Jonathan has been in the custody of foster parents for a prolonged period of time, there should have been inquiry into and a determination of the best interest of the child prior to a direction that he be returned to the natural mother. (See *Matter of Bennett v Jeffreys,* 40 NY2d 543, 550.) The court should have examined into the qualifications and background of the mother. Essential to any determination as to the child's best interest is a consideration of the Law Guardian's report. The court refused an offer by the guardian to submit such a report at the hearing. Accordingly, the matter is remanded for a dispositional hearing on the issue of the child's best interests. Concur—Lupiano, J. P., Birns, Silverman, Fein and Sullivan, JJ.