■ MARIE GUZZO, Plaintiff, v SALVATORE GUZZO, Respondent, and MARY GRECO, Appellant.—In a matrimonial action in which the judgment of divorce awarded custody of three minor children, Carol, Marie and Anthony, to the plaintiff mother, the maternal grandmother, appeals from an order of the Supreme Court, Queens County, dated June 9, 1978, which granted the defendant father's application to modify the judgment of divorce and awarded him custody of the children. Order reversed, on the law and the facts, without costs or disbursements, and action remanded to Special Term for further proceedings in accordance herewith. A brief statement of the background of the case is in order. The parents, Salvatore and Marie Guzzo, were married in 1955, were separated in 1970, and were divorced in 1974. The judgment of divorce awarded custody to the plaintiff wife, Marie, with reasonable visitation rights to Salvatore, the respondent herein. For two years, during Marie's terminal illness, appellant resided with Marie and the children in a house owned by Marie and Salvatore as tenants by the entirety. Pursuant to the terms of a prior separation agreement, Marie willed her undivided one-half interest in the marital residence to the children, who, since Marie's death on July 9, 1977, have continuously resided with appellant. Following Marie's death, respondent petitioned the Family Court for custody of the children. In the interim, respondent and his new wife had taken possession of the family home and appellant and the children had moved out. Following a hearing, the Family Court directed respondent to replace all furniture and clothing previously removed by him from the premises, granted appellant and the children possession of the house and awarded temporary custody to appellant. Prior to the return date of the adjourned hearing at the Family Court, respondent's motion in that court for a mistrial was denied as was his request to withdraw the custody proceeding entirely. Thereafter, on respondent's application, the Family Court proceedings were consolidated with respondent's application in the Supreme Court, Queens County, to modify the judgment of divorce as to custody and it is from the order entered at Special Term, awarding custody to respondent, that this appeal is taken. Before Special Term the three children, appellant and respondent, and their respective witnesses, testified at length and it became readily apparent that the marriage between Salvatore and Marie had been bitter and stormy for many years. The children entertain nothing but negative feelings for their father. The youngest, Anthony, now aged 13, claimed that he would run away if he was required to live with respondent and said: "A lot of times he gets me scared. A lot of times he gets mad. He gets real mad and he starts punching." Carol, now 17 years of age and the oldest of the three, complained that respondent "is very emotional. It's terrible to be with him when he is like that." In response to an inquiry as to why she did not want to go with her father, Marie, now aged 16, testified: "Because—all the time—a lot of times, like when my mother was alive and like we needed him, he was never there, and all of a sudden now he just wants us—and I would never live with him. Every time we would go to his house he used to beat us up." We disagree with Special Term's utter rejection of the testimony of the court-appointed psychologist, Morris Buchman, who testified that for some two hours he examined and questioned not only appellant and respondent, but also the three children. It is true, as noted by Special Term, that the time devoted to the examinations was limited; yet, in our opinion, Buchman's testimony was cogent, compelling and credible. We consider his evaluation of respondent as being a rigid, manipulative, intrusive and dictatorial person to be well-substantiated by the record. Buchman concluded that because of the strong

feelings of hostility entertained by the children, it would be "disastrous" to award custody to the respondent. He further found that although the children had no psychological problems, they would be unable, because of the depth of their feelings, to cope with living with their father. It must be noted that we are not here dealing with infants or very young children. These children are now of sufficient maturity to have their preferences given great weight—especially in view of the obvious depth and intensity of their feelings. Clearly, the principles and considerations applicable to the custody of children of more tender years should not and may not be blindly or rigidly applied here (see *Matter of Benitez v Llano,* 39 NY2d 758). This record discloses that during the period of his rather extended separation from the children (some eight years), respondent's contacts with them were sporadic and vacillating in their intensity. Respondent readily admits that there were long periods of continued anger towards the now deceased Marie during which he never visited or even telephoned the children. Thus, for months on end the children would neither see nor hear from their father. In contrast, when the anger subsided, respondent would call them several times a day and visit them almost every weekend. This factor, while not controlling, is significant and, to some degree, may explain the deep-seated animosity the children seem to entertain towards their father. It should be pointed out that such fluctuating contact does not, in itself, constitute or even approach abandonment; yet it is noteworthy and it is to be considered and weighed in the light of the repeated complaints by the children of physical abuse. The sum total of the foregoing constitutes, in our opinion, the "extraordinary circumstances" referred to in *Matter of Bennett v Jeffreys* (40 NY2d 543) and we conclude that the interests of the children will best be served by continuing custody in appellant. Under the facts and circumstances here disclosed, it would, in the language of *Benitez* (p 759), "be bootless and cruel to change * * * custody at this time." By this decision, it is not in any way indicated that respondent is an unfit parent or that he should be deprived of all reasonable visitation with his children. It is to be hoped that with the passage of time, he will develop a more flexible, reasonable, rational and intelligent attitude towards his children, thus closing or at least lessening the generation gap that so obviously and widely separates this troubled father and his offspring. Towards that goal, and for the purpose of fixing reasonable rights of visitation, the matter is remanded to Special Term. Martuscello, J. P., Titone, Shapiro and O'Connor, JJ., concur.