■ In the Matter of BARBARA L. BANNISTER, Respondent, v CATHERINE BANNISTER, Appellant. — In a custody proceeding, the appeal is from an order of the Family Court, Kings County, dated June 13, 1980, which, after a hearing, awarded custody of the child in question to petitioner, with visitation rights for appellant. Order reversed, without costs or disbursements, and proceeding remitted to the Family Court for a new hearing and determination in accordance herewith. Pending the new determination, custody of the child shall remain with petitioner, with visitation to appellant in accordance with the order under review. Petitioner is the natural mother of Tracey, born May 9, 1972. Petitioner was 17 years old at the time of Tracey's birth and was living with the appellant, her maternal aunt. Approximately one year after the birth of the child, petitioner moved out of her aunt's home and left Tracey there. In November, 1979 petitioner commenced this proceeding to regain custody of her daughter. The testimony at the hearing was diametrically opposed. The mother testified that she visited the child every Saturday and contributed to the child's support in the amount of $25 weekly. Appellant and petitioner's sister, Dorothea, who lives with appellant, both testified that petitioner only visited the child approximately seven times since she left their home, and rarely contributed money for the child. A social worker, who interviewed the child, testified that the child has become attached to appellant, and even more so to Dorothea, who was the mother figure for the child. In the social worker's opinion, there would be a harmful effect on the child if she were removed from her great-aunt's home. The Family Court "credit[ed] the testimony of [both parties]," and took into consideration its interview with the child, and awarded custody of the child to its mother. Appellant was granted visitation rights on alternate weekends. The court held that in the absence of extraordinary circumstances as referred to in *Matter of Bennett v Jeffreys* (40 NY2d 543), it could not deprive the natural parent of the custody of her child. "The State may not deprive a parent of the custody of a child absent surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances. If any of such extraordinary circumstances are present, the disposi-

tion of custody is influenced or controlled by what is in the best interest of the child" (see *Matter of Bennett v Jeffreys, supra,* p 544). In *Matter of Bennett v Jeffreys (supra),* the protracted separation of mother from child, combined with the mother's lack of an established household of her own, her unwed state, and the attachment of the child to the custodian, constituted the extraordinary circumstances which triggered the best interest test. In the present case, as in *Bennett,* there is an "unfortunate or involuntary disruption of custody over an extended period of time" (see *Matter of Bennett v Jeffreys, supra,* p 546). "[A] mother who has permitted her child to remain with [a nonparent] for an extended period might be denied the right to regain custody, without regard to fault, if disruption of the existing custody would not be in the child's best interest" (see *Matter of Sanjivini K.,* 47 NY2d 374, 382). The protracted length of the custody of the child with appellant and petitioner's sister and other extenuating circumstances, indicate a lack of interest in the child by the petitioner, which, combined with her acquiescence in the custody of a nonparent, constitutes an extraordinary circumstance requiring the court to determine the best interests of the child (see *Matter of Tyrell v Tyrell,* 47 NY2d 937, affg 67 AD2d 247 on the opn at the App Div; *Matter of Dickson v Lascaris,* 75 AD2d 47; *Guzzo v Guzzo,* 66 AD2d 833; *Raysor v Gabbey,* 57 AD2d 437; *People ex rel. Wilson v Wilson,* 56 AD2d 794). Therefore, the proceeding must be remitted to the Family Court for a new hearing so that an informed judgment regarding the best interests of the child can be made. The court should consider the fitness, qualifications and background of each party, including petitioner's sister, and the stability of each household (see *Matter of Bennett v Jeffreys, supra,* p 552). On the present record it appears that the Family Court did not sufficiently investigate the living conditions of the parties or their psychological fitness (see *People ex rel. Cusano v Leone,* 43 NY2d 665; *Raysor v Gabbey, supra,* p 441). Additionally, the new hearing will provide an opportunity for the court to determine if the child had adjusted to her new surroundings, or if she has suffered any adverse consequences (cf. *Matter of Bennett v Marrow,* 59 AD2d 492). Physical custody of the child is continued with the mother until the new determination to avoid further disruptions of the child's long-term stability (see *Matter of Ebert v Ebert,* 38 NY2d 700), with visitation rights for the appellant as ordered by the Family Court. Lazer, J.P., Margett, O'Connor and Thompson, JJ., concur.