██ JOHN F. WOHLFAHRT et al., Respondents, v MICHAEL DREES, Appellant. — Order unanimously reversed, without costs, and matter remitted to Erie County Family Court, for further proceedings, in accordance with the following memorandum: In this custody dispute, Michael Drees, the respondent natural father, appeals from an order of Family Court which awarded custody of his 8- and 11-year-old sons to the Wohlfahrts, petitioners, the sister and brother-in-law of the deceased natural mother, the former custodial parent. Immediately after Drees assumed custody of the boys upon the death of his ex-wife, the Wohlfahrts commenced this action alleging that Drees and his live-in girlfriend habitually used and sold an assortment of illegal drugs and, therefore, should not have custody. Finding that Drees sold and habitually abused drugs, Family Court held that he lacked sufficient mental stability to be a responsible parent. Consequently, it awarded custody of the boys to the Wohlfahrts, granting Drees liberal visitation on the condition that all visits be in a drug-free environment. ¶ Since the Court of Appeals decision in *Matter of Bennett v Jeffreys* (40 NY2d 543, 549), a two-step analysis is required in all child custody cases involving the State or a third party and a natural parent: first, the court must determine that "extraordinary circumstances" justify the State's intrusion into the family domain and, second, if extraordinary circumstances are found, the court must then determine custody based solely on the best interests of the children (see, also, *Matter of Ricky Ralph M.*, 56 NY2d 77; *Matter of Boyles v Boyles*, 95 AD2d 95; *Matter of Landaverde*, 95 AD2d 29; *Matter of Tyrrell v Tyrrell*, 67 AD2d 247, affd 47 NY2d 937). ¶ Here, while the evidence supports the court's conclusion that Drees' long-standing involvement with drugs seriously impairs his ability to function as a parent and, consequently, that "extraordinary circumstances" exist (cf. *Matter of Sheila G.*, 61 NY2d 368 [heroin use]; *Matter of Del Rosso*, 4 Misc 2d 849 [marihuana use]; *Matter of Darlington*, 135 Misc 668 [morphine use], by focusing solely on this issue, the court erred in not considering the numerous other factors pertaining to the "best interest of the children" (*Eschbach v Eschbach*, 56 NY2d 167; *Matter of Bennett v Jeffreys, supra; Matter of Boyles v Boyles, supra; Matter of Tyrrell v Tyrrell, supra*). While we have considered doing so, because the record is incomplete, it is necessary to remit the matter for a hearing and subsequent custody award based on the best interests of the children. Upon remittance, the court should also consider the Law Guardian's recommendation (*Matter of Jonathan D.*, 62 AD2d 947, mot for lv to app den 45 NY2d 706) and Drees' claim of rehabilitation (*Matter of Shiela G., supra*). (Appeal from order of Erie County Family Court, Notaro, J. — custody.) Present — Hancock, Jr., J. P., Callahan, Doerr, O'Donnell and Moule, JJ.