■ In the Matter of ALTON ABENDSCHEIN et al., Respondents, v IRENE GATTI, Respondent. In the Matter of WILLIAM GATTI, Appellant, v ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Respondents. — Order unanimously reversed, without costs, and matter remitted to Erie County Family Court, for further proceedings, in accordance with the following memorandum: In this custody dispute, William Gatti, the natural father, appeals from an order of Family Court which awarded custody of his eight-year-old daughter, Doreen, and six-year-old son, Aaron, to

the Abendscheins, the maternal grandparents. After an order of neglect was entered against Gatti's ex-wife, the natural mother and former custodial parent, Family Court held a hearing to determine custody of the children. The court found: that Gatti neither lived with the children nor acted as custodial parent for any appreciable time; that he failed to maintain contact with them for extended periods; that he is not fully recovered from his recent bouts with alcoholism; and that he has no established home in which to raise the children. Consequently, it concluded that the best interests of the children would be served by granting custody to the Abendscheins, with liberal visitation to Gatti.

A two-step analysis is required in all child custody cases involving the State or a third party and a natural parent: first, the court must determine that "extraordinary circumstances" justify the State's intrusion into the family domain and, second, if extraordinary circumstances are found, the court must then determine custody based solely on the best interests of the children (*Matter of Ricky Ralph M.,* 56 NY2d 77, 84; *Matter of Bennett v Jeffreys,* 40 NY2d 543, 552; *Wohlfahrt v Drees,* 103 AD2d 1028).

Here, while the evidence supports the court's conclusion that Gatti's prolonged separation from his children, lack of established household and alcohol abuse constituted "extraordinary circumstances" (*Matter of Bennett v Jeffreys, supra*), by focusing almost exclusively on this issue, the court erred in not going further (*Wohlfahrt v Drees, supra*). Although extraordinary circumstances should be considered in determining the best interests of the children, they do not, *ipso facto,* deprive a parent of custody (*Matter of Bennett v Jeffreys, supra*). The court must thoroughly consider the numerous other factors which affect the well-being of the children (*Matter of Boyles v Boyles,* 95 AD2d 95, 97; *Raysor v Gabbey,* 57 AD2d 437, 440; *People ex rel. Gallinger v Gallinger,* 55 AD2d 1036). Especially important are the psychological and sociological consequences of an award (*Matter of Boyles v Boyles, supra; Matter of Bannister v Bannister,* 81 AD2d 913; *People ex rel. Wilson v Wilson,* 56 AD2d 794). Since the record is insufficiently developed as to these factors, we must remit the matter for a new hearing to determine custody in the best interests of the children. Upon remittance, the court should also reappoint a Law Guardian to represent the children and to file a report or recommendation (cf. *Matter of Jonathan D.,* 62 AD2d 947, mot for lv to app den 45 NY2d 706). (Appeal from order of Erie County Family Court, Killeen, J. — custody.) Present — Dillon, P. J., Hancock, Jr., Green, Moule and Schnepp, JJ.