■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM J. ANDERSON, Appellant, v MARIAN MOTT, Respondent. MARIAN MOTT et al., Respondents, v WILLIAM J. ANDERSON, Appellant. [606 NYS2d 463] —Judgment unanimously reversed on the law without costs and petition granted. Memorandum: Petitioner and Ann R. Anderson were married in 1976 and divorced in September 1990. The divorce decree granted custody of the three infant children of the marriage to Ann R. Anderson and petitioner was granted visitation, which he regularly exercised. On March 22, 1992, Ann R. Anderson died in a motor vehicle accident and her Last Will and Testament named Mary K. and David L. Scribner, the children's maternal aunt and her husband, as the children's guardians. Petitioner commenced the present habeas corpus proceeding to gain custody of the children. Supreme Court denied petitioner's habeas corpus petition and granted custody of petitioner's three children to the Scribners.

It is a fundamental rule that a parent has a right to rear his child superior to that of a nonparent unless extraordinary circumstances are present. Extraordinary circumstances include "surrender, abandonment, unfitness, persistent neglect, unfortunate or involuntary extended disruption of custody, or other equivalent but rare extraordinary circumstance which would drastically affect the welfare of the child" (Matter of Bennett v Jeffreys, 40 NY2d 543, 549). Here, there are no extraordinary circumstances to deprive petitioner of the right to rear his children. The record shows that after the divorce petitioner regularly exercised his visitation rights, showed a sincere interest in the children and faithfully made child support payments. Petitioner also built a home within a block of the marital residence so that he could maintain close

contact with the children. Thus, petitioner did not abandon or surrender the children and was not separated from them for such an extended period of time so as to constitute extraordinary circumstances *(see, Matter of Male Infant L.,* 61 NY2d 420, 429; *Matter of Pernice v Cote,* 116 AD2d 945, *lv denied* 67 NY2d 606; *cf., Matter of Abendschein v Gatti,* 105 AD2d 1101; *People ex rel. Gallinger v Gallinger,* 55 AD2d 1036).

The record also fails to show that petitioner was an unfit parent. Petitioner was diagnosed as suffering from post-traumatic stress disorder resulting from his Vietnam combat experiences, was receiving ongoing psychiatric counselling, and was taking medication for that disorder. Because there was no expert testimony that petitioner's psychiatric condition would have endangered the children or would have rendered petitioner incapable of providing appropriate care, his condition did not constitute extraordinary circumstances sufficient to deprive him of custody *(see, Penders v Penders,* 139 AD2d 963, 964). Additionally, the desire of the children to have their custody placed with the Scribners rather than petitioner is neither dispositive nor a compelling extraordinary circumstance *(see generally, Sturm v Lyding,* 96 AD2d 731; *see also, Obey v Degling,* 37 NY2d 768, 770-771; *Dintruff v McGreevy,* 34 NY2d 887, 888).

Because there was no showing of extraordinary circumstances to deprive petitioner of his right to custody of his children, his habeas corpus petition is granted *(see, Tyrrell v Tyrrell,* 67 AD2d 247, *affd* 47 NY2d 937; *Penders v Penders, supra; Matter of Pernice v Cote, supra).* (Appeal from Judgment of Supreme Court, Oneida County, Aronson, Referee—Custody.) Present—Denman, P. J., Balio, Lawton, Doerr and Boehm, JJ. (Filed Nov. 24, 1993.)