■ In the Matter of BARBARA MULLER, Respondent, v HERSHEL MULLER, Appellant. (And a Related Proceeding.) [634 NYS2d

190] —In a proceeding pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of (1) an order of the Family Court, Kings County (Segal, J.), dated July 5, 1995, as awarded the mother custody of the two eldest children and conditioned his right to future unsupervised visitation with the remaining two infant children on his participation in weekly psychotherapy, and (2) an order of protection of the same court, also dated July 5, 1995, as granted the mother an order of protection until April 5, 2004. The Law Guardian separately appeals, as limited by her brief, from so much of the order dated July 5, 1995, as granted the mother custody of the two eldest children.

Ordered that the order dated July 5, 1995, is modified by deleting the provision thereof which conditioned the father's future unsupervised visitation with the two infant children on his participation in weekly psychotherapy; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order of protection is modified, on the law and the facts, by deleting the provision thereof providing that the order will expire on April 5, 2004, and substituting therefor a provision providing for the order to expire on July 5, 1998, based upon a finding of aggravating circumstances as set forth herein; as so modified, the order of protection is affirmed insofar as appealed from, without costs or disbursements.

In view of the evidence that the father "psychologically poisoned" the minds of the two teenage children while they were in his temporary custody *(compare, Young v Young*, 212 AD2d 114), the Family Court properly determined that, in light of the totality of the circumstances, the best interests of the parties' children were served by awarding custody of all four children to the mother *(see, Eschbach v Eschbach,* 56 NY2d 167, 171; *Matter of Scalia v Scalia,* 217 AD2d 780; *Young v Young, supra; Fanelli v Fanelli,* 215 AD2d 718).

The testimony and recommendations of the mother's psychological expert were properly credited as they were un-contradicted by the record *(see, Young v Young, supra; Rent-schler v Rentschler,* 204 AD2d 60, *lv dismissed* 84 NY2d 1027; *Matter of Prete v Prete,* 193 AD2d 804; *Bluemke v Bluemke,* 155 AD2d 574, 575; *Asher v Asher,* 79 AD2d 904, 905; *Guzzo v Guzzo,* 66 AD2d 833).

While the two teenage children expressed a preference to live with their father, a child's preference for a particular parent, while a factor to be considered, cannot be determinative *(see, Young v Young, supra,* at 123; *Darema-Rogers v Rogers,*

199 AD2d 456; *Zucker v Zucker,* 187 AD2d 507). In weighing the child's expressed preference, "the court must consider the age and maturity of the child and the potential for influence having been exerted on the child" *(Eschbach v Eschbach, supra,* at 173; *see also, Young v Young, supra,* at 123). The wishes of the two teenage children were properly considered in light of the overwhelming evidence that their feelings about their mother were influenced and fostered by the father's hostility toward the mother *(see, Young v Young, supra,* at 114; *Bubbins v Bubbins,* 136 AD2d 672; *Zelnik v Zelnik,* 196 AD2d 700; *O'Connor v O'Connor,* 146 AD2d 909).

Since there is no evidence of bias or prejudice on the part of the Family Court Judge, it was not an improvident exercise of discretion to deny the father's motion for a mistrial seeking to recuse the Judge *(see, Matter of Zirkind v Zirkind,* 218 AD2d 745; *Matter of Emory CC.,* 199 AD2d 932, *lv dismissed* 83 NY2d 837; *Greenman v Greenman,* 175 AD2d 360).

Though the record fully supports the finding that the best interests of the two infant children are served by supervised visitation with their father *(see, Matter of Hill v Rogers,* 213 AD2d 1079; *Matter of Acker v Acker,* 212 AD2d 1014; *Matter of Samuel L. J. v Sherry H.,* 206 AD2d 886; *Matter of Tito G. v Thelma G.,* 187 AD2d 651), it was error to condition possible future unsupervised visitation with the two infant children on the father's participation in weekly psychotherapy *(see, Matter of Tito G. v Thelma G., supra; Nacson v Nacson,* 166 AD2d 510; *Matter of Paris v Paris,* 95 AD2d 857, 858; *Matter of Grado v Grado,* 44 AD2d 854). Accordingly, the provision relating to possible future unsupervised visitation is deleted from the judgment.

The order of protection dated July 5, 1995, provided that it did not expire until April 5, 2004, without setting forth any aggravating circumstances. Nonetheless, the record reveals that aggravating circumstances exist as the father violated prior temporary orders of protection and caused physical injury to the mother *(see,* Family Ct Act § 827 [a] [vii]). Accordingly, the order of protection is modified to include such findings and to provide for its expiration in three years, on July 5, 1998 *(see,* Family Ct Act §§ 842, 827 [a] [vii]; *Matter of Zirkind v Zirkind, supra).* Balletta, J. P., Ritter, Copertino and Pizzuto, JJ., concur.