■ CATHERINE ALLEN, Appellant, v DONALD KRIESEL, JR., Respondent. — Order unanimously reversed, without costs, and matter remitted to Onondaga County Family Court for further proceedings, in accordance with the following memorandum: The parties separated in 1976 when petitioner removed herself and the children from the marital residence and sought and secured employment to maintain herself and the children. Subsequently, for reasons not apparent in this record, by virtue of some kind of unformalized agreement it was decided that the children would stay with respondent weekdays and with petitioner weekends. This arrangement proved unsatisfactory and in July, 1978 petitioner commenced a proceeding in Family Court seeking custody. The court permitted respondent to retain the children but adjourned the case to September, 1978 for further review. No action was taken on the adjourned date. The parties were divorced in May, 1979 with the judgment continuing custody in respondent "pursuant to the order of the Family Court of Onondaga County until the further order of * * * Family Court." In March, 1980 the parties again appeared in Family Court but it is unclear whether this was pursuant to a new petition or a continuation of the 1978 matter. In August, 1980 Family Court awarded custody to respondent and visitation rights to petitioner. In February, 1981 petitioner again sought custody of the children in proceedings brought in Family Court. The court dismissed the petition finding that petitioner "failed to allege a significant change in circumstances to warrant a modification of the existing custody order." There must be a reversal. It is undisputed that no court has ever conducted a trial or a formal hearing in this case on the issue of custody. "In a custody proceeding arising out of a dispute between divorced parents, the first and paramount concern of the court is and must be the welfare and the interests of the child (Domestic Relations Law, § 70; *Matter of Lincoln v Lincoln,* 24 NY2d 270, 271-272; *Finlay v Finlay,* 240 NY 429, 433-434; see Family Ct Act, § 651, subd [b]). Generally, a determination of that issue should be made only after a full and plenary hearing and inquiry". (*Obey v Degling,* 37 NY2d 768, 769-770.) In dismissing the petition the court below relied on prior court orders, none of which contained findings based upon a plenary trial. Without judicial inquiry into the circumstances of the parents and the children as relates to the latter's best interests, neither an appellate court nor a court in which modification is sought is able to determine whether circumstances have changed. The best interests of children require that their custody should rest upon the considered judgment of a court evaluating the evidence available and while the circumstances considered by the court when an earlier award was made must be considered on an application for a change of custody, no one factor is determinative of whether a change is warranted, including the existence of the earlier decree or agreement between the parties (*Friederwitzer v Friederwitzer,* 55 NY2d 89). "But the weight to be given the prior award necessarily depends upon whether it results from the Trial Judge's judgment after consideration of all relevant evidence introduced during a plenary trial or, as here, finds its way into the judgment through agreement of the parties proven as part of a proceeding in which custody was not contested and no evidence contradictory

of the agreement's custody provision has been presented * * * The standard ultimately to be applied remains the best interests of the child when all of the applicable factors are considered, not whether there exists one or more circumstances that can be denominated extraordinary." (*Friederwitzer v Friederwitzer, supra,* pp 94-95.) (Appeal from order of Onondaga County Family Court, Barth, J. — custody.) Present — Hancock, Jr., J. P., Doerr, Denman, Boomer and Schnepp, JJ.