■ WAYNE BAGROWSKI, Appellant, v DANIEL DEEGAN et al., Defendants, and MICHAEL IAFRATI, Respondent. (Appeal No. 2.) — Order unanimously reversed, without costs, and motion denied. Memorandum: Special Term erroneously dismissed plaintiff's complaint against Iafrati. Plaintiff complied with CPLR 1024 by serving the summons and complaint on him (see *City of Mount Vernon v Best Dev. Co.,* 268 NY 327, 330). (Appeal from order of Supreme Court, Monroe County, Kennedy, J. — dismiss complaint.) Present — Dillon, P. J., Doerr, Denman, O'Donnell and Schnepp, JJ.

■ WELLS FARGO BANK INTERNATIONAL, Appellant, v TALAL B. B. BINABDU-LAZIZ, Also Known as TALA SAUD, et al., Defendants. In the Matter of the Application of KHALID KHUTHAILIA to Vacate Any Attachment in the Above Action, Respondent. — Order reversed, without costs, all concur, O'Donnell, J., not participating, and matter remitted to Supreme Court, Onondaga County, for further proceedings, in accordance with the following memorandum: The record on appeal contains a transcript of a deposition which was not before Special Term but which contains evidence that is both relevant and important to a determination of petitioner's motion to vacate the order of attachment. Although the parties have stipulated to the correctness of the record pursuant to CPLR 5532, we have decided, in the exercise of discretion, not to consider this evidence. Nevertheless, in the interest of justice, plaintiff should be afforded an opportunity to present such proof in opposition to the motion (*Murrer v Stoltz,* 23 AD2d 810). (Appeal from order of Supreme Court, Onondaga County, Lynch, J. — vacate attachment.) Present — Dillon, P. J., Doerr, Denman, O'Donnell and Schnepp, JJ.

■ ONONDAGA COUNTY WATER AUTHORITY, Respondent, v CITY OF SYRACUSE, Appellant. — Order unanimously affirmed, with costs. Memorandum: Special Term properly denied defendant's motion to amend its answer to assert second and third counterclaims. Neither of the proposed counterclaims states a cause of action (see *Grafer v Marko Beer & Beverages,* 36 AD2d 295, 296, app dsmd 29 NY2d 641). (Appeal from order of Supreme Court, Onondaga County, Balio, J. — amend answer.) Present — Dillon, P. J., Doerr, Denman, O'Donnell and Schnepp, JJ.

■ JAMES P. SHIPP, Appellant, v ANDREA GAGLIA, Respondent. — Order unanimously reversed and matter remitted to Erie County Family Court for further proceedings in accordance with the following memorandum: The denial of visitation to a noncustodial parent constitutes such a drastic measure that an order doing so should be based upon substantial evidence that the visitation is detrimental to the child's welfare (*Hotze v Hotze,* 57 AD2d 85; see, also, *Weiss v Weiss,* 52 NY2d 170, 175; *Quinn v Quinn,* 87 AD2d 643). On the record before us we agree that petitioner was properly denied unsupervised visitation, but we cannot determine whether the denial of supervised visitation was also warranted. There was no expert testimony as to the effect visitation would have on the child, no psychological examination of the father, no Law Guardian appointed to represent the child's best interests, nor any *in camera* interview of the child. (Appeal from order of Erie County Family Court, Sedita, J. — visitation.) Present — Dillon, P. J., Doerr, Denman, O'Donnell and Schnepp, JJ.