■ In the Matter of Elizabeth M. Blake, Appellant, v Edward J. Blake, Respondent. — Order unanimously reversed, without costs, and matter remitted to Jefferson County Family Court for further proceedings, in accordance with the following memorandum: It was an abuse of discretion for the court to award the parties joint custody of their children with physical custody to the father. The record indicates that the award of physical custody to the father was made because the court concluded that the mother did not have proper facilities where she could raise the children, observing that the home for battered wives where the mother had taken refuge was inadequate for such purpose. Apparently overlooked by the court was testimony from petitioner and her mother that the latter had ample space in her home where petitioner and the children could stay.

The parties here have demonstrated great antagonism toward each other. For that reason alone, joint custody of the children is inappropriate (*Braiman v Braiman,* 44 NY2d 584, 589-590; *Matter of Sooy v Sooy,* 101 AD2d 287, 289).

In a custody proceeding, neither party has a prima facie right to custody and any determination of custody shall be in the best interest of the child (Domestic Relations Law, § 240; *Friederwitzer v Friederwitzer,* 55 NY2d 89, 93; *Martin v Martin,* 74 AD2d 419, 425). In determining custody, many factors must be considered, including the quality of the home environment and the parental guidance the custodial parent provides for the child (*Eschbach v Eschbach,* 56 NY2d 167, 172); the ability of each parent to provide for the child's emotional and intellectual development (*Porges v Porges,* 63 AD2d 712, 713); the financial status and ability of each parent to provide for the child (*Eschbach v Eschbach, supra,* p 172); the relative fitness of the respective parents as well as the length of time the present custody has continued (*Matter of Nehra v Uhlar,* 43 NY2d 242, 250-251); and although not determinative, the desires of each child (*Eschbach v Eschbach, supra,* p 173). In determining these factors, the court must conduct a full and complete hearing (see *Allen v Kriesel,* 87 AD2d 992). The testimony of the petitioner, her mother and the respondent was inadequate to make a proper determination.

Since the record is incomplete, it is necessary to remit for a further hearing before a different Judge to resolve the custody

award based on the best interest of the children (see *Wohlfahrt v Drees,* 103 AD2d 1028; *Matter of Abendschein v Gatti,* 105 AD2d 1101). Because of the tender ages of the children, it may not have been appropriate for the court to conduct an *in camera* interview with the children at the time of the original hearing; however, at the new hearing it would be advisable for the court to appoint a Law Guardian to represent the children and to utilize the services of appropriate agencies to aid in its determination. Until such time as the court properly determines the custody issue, physical custody of the infant children is to be with their mother with liberal visitation privileges granted to their father. (Appeal from order of Jefferson County Family Court, VanAuser, J. — custody.) Present — Callahan, J. P., Doerr, Boomer, Green and Schnepp, JJ.