■ ROBERT VERITY, Respondent, v SHEILA VERITY, Appellant. — Order unanimously reversed, on the law and facts, without costs, and petition dismissed. Memorandum: The issue on this appeal is whether Family Court had before it sufficient facts to warrant a change of custody. We hold that it did not.

The testimony at trial established that following their divorce the parties, who had joint custody, enjoyed an amicable relationship with respect to their children until respondent mother moved with the children to Minneapolis, Minnesota, without telling petitioner this fact ahead of time. She did discuss the matter with her attorney, however, and requested him to contact petitioner's attorney for purposes of determining whether an agreeable arrangement .could be reached. Petitioner, upon learning of the move, reacted by traveling to Minnesota and contacting police, who accompanied him to respondent's residence. The police thereafter decided to take the children into

protective custody until a Minnesota Judge could rule on which parent should have custody. Petitioner then kidnapped the children, while they were in protective custody, and brought them back to his residence in Lockport, New York. Temporary custody was then awarded to him pending a final custody hearing, which took place a few months later. In the meantime, respondent also moved back to Lockport and announced her intention of remaining there.

The proof at the custody hearing focused on the circumstances surrounding the mother's move and the father's subsequent conduct as bearing on the best interests of the children. There was no evidence presented to establish that respondent, the custodial parent under the divorce decree, was an unfit parent or that there had been any change of circumstances warranting a change of custody. Respondent's decision to move back to Lockport mooted petitioner's argument that the relocation of the children warranted a modification of custody.

Nevertheless, Family Court rendered a written decision transferring custody to the father. The court found the mother "less fit" to have custody because she disregarded her asthmatic daughter's health by removing the child from her doctor who was treating her, and by placing her in "a possibly harmful environment" and in the care of a physician who had no knowledge of her past physical condition. There is no support in the record for these conclusions. There was no evidence that the home environment in Minnesota was in any way "harmful". Nor can it be found that respondent disregarded her daughter's health in moving. Indeed, the record indicates that prior to moving to Minneapolis, respondent investigated available health facilities which could treat her daughter's health problems and discussed the problem with a physician. Appointments had been made for the physician to see and evaluate both children, but subsequent events aborted the scheduled appointments.

Family Court's decision also recites that it is based on "the totality of the circumstances". We find no factual support for Family Court's conclusion.

Although an award of custody is subject to modification (Domestic Relations Law, § 240), priority is accorded, not as an absolute, but as a weighty factor, to the original award of custody (*Friederwitzer v Friederwitzer,* 55 NY2d 89, 94; *Matter of Nehra v Uhlar,* 43 NY2d 242, 251). Such priority is given not on grounds of *res judicata,* but because of the belief "that stability in a child's life is in the child's best interests and that the prior determination reflects a considered and experienced judgment

concerning all of the factors involved" (*Friederwitzer v Friederwitzer, supra,* p 94). Although it is not necessary for the noncustodial parent to establish "some particular, sudden or unusual event", the noncustodial parent must establish that the totality of the circumstances existing at the time of application for change, including the existence of the prior award, warrants a change of custody (*Friederwitzer v Friederwitzer, supra,* p 95). "Primary among those circumstances to be considered is the quality of the home environment and the parental guidance the custodial parent provides for the child" (*Eschbach v Eschbach,* 56 NY2d 167, 172). While matters such as financial status and ability to provide for the child are important, "an equally valid concern is the ability of each parent to provide for the child's emotional and intellectual development" (*Eschbach v Eschbach, supra,* p 172).

In the instant case, the record is virtually barren of evidence pertaining to the circumstances enumerated in *Eschbach* (*supra*) since the testimony at the hearing focused principally upon the conduct of the mother in moving to Minnesota and the father in subsequently retrieving his children. We observe that no Law Guardian or guardian ad litem was appointed for the children; the court conducted no *in camera* interviews; and there were no reports by any psychologists or other experts. Petitioner simply took the position that he should be awarded custody because his ex-wife took the children to another jurisdiction. This is insufficient.

Although a custodial parent may be denied permission to remove the children from the jurisdiction (*Weiss v Weiss,* 52 NY2d 170; *Matter of Yeo v Cornaire,* 91 AD2d 1153, affd 59 NY2d 875), this was not the issue presented in the instant case. That respondent undertook her move without discussing the matter with the children's father was certainly one factor the court was entitled to consider. While we do not condone the behavior of either parent, it must be remembered that an award of custody must be based on the best interests of the children and not a desire to punish a recalcitrant parent. In the absence of any evidence indicating that the custodial parent can no longer provide the quality of home environment or parental guidance that she provided at the time of the original award of custody, there was no basis for a custody modification. (Appeal from order of Niagara County Family Court, Halpin, J. — custody.) Present — Doerr, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.