■ In the Matter of AMY W.—Order unanimously reversed, on the law, without costs, and matter remitted to Erie County Family Court for further proceedings, in accordance with the following memorandum: At issue is the temporary custody of an infant born to racially mixed parents on June 9, 1985 in the State of Ohio. Following the birth the mother, who is white, released the child to the father, who is black. The father took the child to the home of his parents near Buffalo, New York, where the child has continued to reside until the present time. The father commenced a paternity action seeking an order of filiation, which was granted, and is not in issue on this appeal. The mother then applied for a writ of habeas corpus seeking return of the child pending a full hearing on permanent custody. The court granted the mother's request on the ground that since she had "only seen her infant daughter for three to four hours on July 11, 1985 and briefly in the court room during these proceedings, this court believes it is important for her to establish a relationship with the child, who is in effect, a stranger to her." The court decided "that the best interests of the infant would be secured by placing her physically with her mother pending a hearing on the issue of permanent custody, to allow them to establish a close emotional bond." This court stayed the order pending appeal.

Family Court erred. An award of custody, whether temporary *(see, Bellinger v Bellinger,* 109 AD2d 1104) or permanent, must be based on the best interests of the child *(see, Obey v Degling,* 37 NY2d 768; *Raysor v Gabbey,* 57 AD2d 437). The abbreviated hearing held in this case, which focused primarily on the issue of jurisdiction, did not meet these standards *(see, Mosesku v Mosesku,* 108 AD2d 795; *Verity v Verity,* 107 AD2d 1082, *affd* 65 NY2d 1002; *Matter of Mitchell v Mitchell,* 67 AD2d 924).

Accordingly, we reverse the order appealed from and remit the matter to Erie County Family Court for a full custody hearing to be held before a different Judge *(see, Matter of Blake v Blake,* 106 AD2d 916; *Raysor v Gabbey, supra,* p 438) and the court shall appoint a Law Guardian to represent the child *(Matter of Blake v Blake, supra,* p 917; *Matter of Abendschein v Gatti,* 105 AD2d 1101, 1102). Until such time as the

court properly determines the custody issue, physical custody of the child shall remain with the father and liberal visitation privileges shall be granted to the mother (see, Blake v Blake, supra, p 917). (Appeal from order of Erie County Family Court, Manz, J.—temporary custody.) Present—Denman, J. P., Green, Pine, Balio and Schnepp, JJ.