■ In the Matter of ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, as Guardian and Custodian of ELIZABETH D.—Order unanimously reversed on the law without costs and matter remitted to Erie County Family Court for a hearing, in accordance with the following memorandum: The issue presented is whether visitation of the infant by her maternal grandmother is in the best interests of the child, who has been in the care and custody of the Erie County Department of Social Services (Agency) since October 1984. The issue of visitation, like that of custody, may not be determined on the basis of opposing affidavits but only after a plenary hearing

based on the best interests of the child *(Kresnicka v Kresnicka,* 48 AD2d 929; *Matter of Scranton v Hutter,* 40 AD2d 296, 299; *see also,* Domestic Relations Law § 72; Family Ct Act § 651 [a]; *Lo Presti v Lo Presti,* 40 NY2d 522, 527; *People ex rel. Smith v Kudler,* 71 AD2d 634). Although there have been two hearings thus far in this case, no testimony has been taken and no findings of fact or conclusions of law have been made on whether the best interests of the child will be served by continued visitation with the grandmother. Accordingly, we remit this matter to Erie County Family Court for a best interests hearing to be held before a different Judge *(see, Matter of Amy W.,* 122 AD2d 592; *Matter of Blake v Blake,* 106 AD2d 916; *Raysor v Gabbey,* 57 AD2d 437, 438).

Finally, although we find no abuse of discretion in Family Court's rulings permitting a representative of the news media to be present at the two prior hearings held in this matter, if the issue again arises at the best interests hearing, the court should base its decision, in whole or in part, upon the considerations outlined in the Uniform Rules of Family Court *(see,* Uniform Rules for Trial Cts, 22 NYCRR 205.4 [b] [eff Jan. 6, 1986]). (Appeal from order of Erie County Family Court, Honan, J.—visitation.) Present—Callahan, J. P., Denman, Green, Pine and Lawton, JJ.