■ DARLENE McWHIRTER, Appellant, v DENNIS McWHIRTER, Respondent.—Order unanimously reversed on the law without costs, motion denied and matter remitted to Erie County Family Court for further proceedings, in accordance with the following memorandum: Petitioner brought this proceeding to modify a prior order of visitation on the basis of an allegation that respondent father had sexually abused the parties' four-year-old daughter. The petition sought to limit respondent's contacts with the child to supervised visits. At the close of petitioner's case, the court dismissed the petition for failure to make out a prima facie case and granted respondent's request for increased unsupervised visitation.

The court erred in dismissing the petition at the close of petitioner's case. The evidence adduced by petitioner concerning the child's statement, depictions, and behavioral and emotional manifestations was sufficient to demonstrate the likely occurrence of sexual abuse *(see, Matter of Ryan D.,* 125 AD2d 160; *Matter of Nicole V.,* 123 AD2d 97; *Matter of Jennifer Maria G.,* 112 AD2d 755). Additionally, the court erred in precluding petitioner's expert from testifying to her opinion whether the child had been sexually abused by respondent *(see, Matter of Nicole V., supra; Matter of Jennifer Maria G., supra; Matter Michael G.,* 129 Misc 2d 186, 187, 192-194). The witness, a State-certified social worker with a Master's degree in social work, was competent to express her opinion on this question. She had undergone specialized training with respect to diagnosis and treatment of child victims of sexual abuse, has counseled approximately 25 victims of child sexual abuse, and had observed and counseled this child over the course of approximately 15 sessions lasting six months *(see, Matter of Nicole V., supra).*

Finally, the court erred in failing to appoint a Law Guardian. We reject respondents contention that petitioner waived appointment of a Law Guardian for the child; such appointment is not for the benefit of either party, but to protect the rights of the child *(Matter of Blank v Blank,* 124 AD2d 1010).

While appointment of a Law Guardian is not mandatory in a visitation dispute, the court abused its discretion in failing to appoint a Law Guardian in a visitation proceeding centering on allegations of child sexual abuse *(see, Shipp v Gaglia,* 97 AD2d 945; *cf., Matter of Blake v Blake,* 106 AD2d 916, 917). A new hearing shall be held before a different Judge *(see, Matter of Jennifer Maria G., supra; Matter of Blake v Blake, supra)* who is directed to appoint a Law Guardian. (Appeal from order of Erie County Family Court, Honan, J.—child visitation.) Present—Denman, J. P., Boomer, Pine, Balio and Davis, JJ.