■ MARINELLA B. REESE, Respondent, v DAVID W. REESE, Appellant.—Judgment unanimously modified, on the law, and as modified, affirmed, without costs, in accordance with the following memorandum: Defendant husband, a native of Watertown, New York, and plaintiff wife, a native of Oklahoma, married in 1974. That same year they moved to the Watertown area and have since resided there. After trial, the court granted each party a divorce upon the ground of cruel and inhuman treatment and with the husband's consent, granted custody of their two sons, born in 1979 and 1980, to the wife. The court fixed a schedule of regular and frequent visitation and also provided that if the wife decided to move from New York, the husband would have visitation under a different schedule.

The trial court abused its discretion by permitting the plaintiff to relocate outside New York State at any future time and by altering defendant's regular and frequent visitation schedule in the event she unilaterally decides to relocate.

Visitation is a joint right of the noncustodial parent and the child, and regular, frequent and welcomed visitation should be encouraged (Weiss v Weiss, 52 NY2d 170, 175). Where a party desires to relocate at a distance that would effectively deprive a child of that regular and frequent visitation, the custodial parent is obliged to demonstrate that the relocation is in the best interests of the child or that some exceptional circumstance or pressing need supports the change (Daghir v Daghir, 82 AD2d 191, affd 56 NY2d 938; Priebe v Priebe, 81 AD2d 746, affd 55 NY2d 997; Strahl v Strahl, 66 AD2d 571, affd 49 NY2d 1036). Plaintiff did not request permission to relocate, no hearing was held, and this record lacks any factual basis for the court's authorized alteration of defendant's visitation schedule.

We have considered defendant's remaining contentions and conclude that they do not warrant reversal. Accordingly, we modify the judgment by vacating the decretal paragraph

which provides for an alternate visitation schedule should plaintiff decide to relocate, and in all other respects the judgment is affirmed. (Appeal from judgment of Supreme Court, Jefferson County, Inglehart, J.—custody.) Present—Doerr, J. P., Boomer, Pine, Balio and Davis, JJ.