■ JEFFREY A. METZGER, Appellant, v PAULA METZGER, Respondent.—Order unanimously reversed on the law, with costs and matter transferred to Monroe County Family Court

(Bonadio, J.), for further proceedings, in accordance with the following memorandum: Pursuant to an oral stipulation in open court, defendant was awarded custody of the parties' daughter, Jessica, in a 1983 divorce decree, and a visitation schedule was established for plaintiff. In December 1984, defendant filed a petition in Family Court for a modification of plaintiff's visitation rights. Following negotiations and an informal agreement, Family Court (Bonadio, J.) modified plaintiff's visitation rights. Eight months later, plaintiff moved in Supreme Court to vacate or modify the visitation provisions of the Family Court order. Defendant cross-moved to transfer the motion to Judge Bonadio, or for an upward modification of maintenance and child support. Supreme Court denied both motions, apparently because it mistakenly believed that it lacked subject matter jurisdiction.

The motion to modify the Family Court order should have been presented to Judge Bonadio (CPLR 2221). We conclude, however, that Supreme Court had jurisdiction to transfer the motion to Judge Bonadio and that its failure to do so was error. The divorce decree was silent regarding future enforcement or modification of its provisions. As a consequence, Supreme Court and Family Court had equal power to entertain motions for modification of the custody and visitation portions of the decree (see, Family Ct Act § 652 [b]). Supreme Court was, therefore, obligated to transfer the motion to Judge Bonadio pursuant to CPLR 2221. We exercise our review powers to transfer plaintiff's motion to Judge Bonadio (see, CPLR 5501, 5522; Lipkis v Pikus, 64 NY2d 830).

We agree with plaintiff's contention that a plenary hearing is necessary before the motion to modify the visitation provisions of the Family Court order can be resolved (Allen v Kriesel, 87 AD2d 992; see also, Bayne v Roberts, 112 AD2d 775; Matter of Ferro v Ferro, 91 AD2d 1205). (Appeal from order of Supreme Court, Monroe County, Cicoria, J.—visitation.) Present—Dillon, P. J., Denman, Green, Balio and Davis, JJ.