■ Cheryl Ideman, Appellant, v James Ideman, Respondent.—Order unanimously reversed on the law with costs and matter remitted to Ontario County Family Court for further proceedings, in accordance with the following memorandum: Petitioner mother appeals from an order of Family Court summarily awarding permanent custody of the parties' child to respondent father as a consequence of her unauthorized

removal of the child from the State in violation of a prior temporary custody and visitation order. Petitioner contends that the court erred in failing to conduct a hearing. We agree.

The court may not make an initial determination of permanent custody without conducting a factual hearing to determine the fundamental issue of the best interests of the child *(Mosesku v Mosesku,* 108 AD2d 795; *Matter of Blake v Blake,* 106 AD2d 916; *Allen v Kriesel,* 87 AD2d 992). Custody determinations may not be made on the basis of allegations contained in conflicting affidavits *(Bellinger v Bellinger,* 109 AD2d 1104; *Bowman v Bowman,* 19 AD2d 857). Although removal of the child from the jurisdiction can result in denial or loss of custody, as can a parent's violation of a court order, removal of the child or violation of a court order is not a ground for depriving the parent (or the child) of the right to a hearing before the issue of custody is determined. Removal of the child from the jurisdiction is only one factor in determining the relative fitness of the parents, which constitutes the basis for the ultimate and " '[p]aramount' " determination of what custody arrangement is in the child's best interests *(Friederwitzer v Friederwitzer,* 55 NY2d 89, 94; *Matter of Nehra v Uhlar,* 43 NY2d 242, 248-251). Indeed, the Court of Appeals has labeled a parent's "abduction, elopement or other defiance of legal process" as a relatively minor factor in the best interests determination *(Friederwitzer v Friederwitzer, supra,* at 94; *see, Matter of Nehra v Uhlar, supra,* at 251). We therefore reverse the order, direct that a Law Guardian be appointed for the child, and remit the matter for a custody hearing to be conducted by a different Judge *(see, Matter of Blake v Blake, supra,* at 916-917). Temporary custody is to be continued with the father pending the determination of permanent custody *(see, Mosesku v Mosesku, supra).* (Appeal from order of Ontario County Family Court, Harvey, J.—custody.) Present—Denman, J. P., Boomer, Pine, Davis and Lowery, JJ.