OPINION OF THE COURT
Stephen R. Sirkin, J.
Petitioner moves this court for modification of an order of visitation issued by this court November 1, 1990, which awarded him visitation with his two children. Petitioner al *607 leges a change of circumstances in that "Petitioner was found guilty of violating the conditions of his parole and sent back to prison for nineteen months”. Petitioner has requested that the order of Family Court be modified to order the respondent mother to take petitioner’s children to visit him in prison twice monthly, to accept collect telephone calls from him so he can talk to his children, and to require the mother to send photos of the children to him.
A hearing was held and the court finds from the credible evidence before it as follows: Petitioner was sentenced to prison upon a conviction for burglary in the second degree. He was subsequently paroled and as the result of a parole violation was sent back to prison. His next hearing before the Parole Board will occur in January 1992. Petitioner has had two prior parole violations. Approximately three years ago petitioner left New York State to reside in Colorado where he stayed for at least 18 months returning once to the State of New York when he visited his children. He has not paid any child support in three years. He is presently located at Elmira Correctional Facility. Respondent resides in Geneva, New York approximately 50 miles from Elmira and the petitioner. The parties have two children. The child Marcella is presently five years old, suffers from attention deficit disorder, is speech impaired, and is presently in a BOCES special education program. The other child, Denise, is presently four years old, speech impaired, and presently under treatment by a speech therapist. Respondent mother is unemployed, residing alone with her children and in receipt of public assistance. She owns a 1979 motor vehicle with mileage exceeding 100,000 miles. New brakes are needed but she cannot afford them. She receives $295 per month from public assistance in addition to food stamps and her rent is paid by the Department of Social Services. Among her expenses to be paid from this monthly allotment are approximately $200 per month for utilities, and additional sums for car insurance, gasoline and other necessaries.
The court notes that at the hearing no Law Guardian appeared on behalf of the children.
Certainly an incarcerated parent does not forfeit his privilege to exercise his right to visitation merely as a result of his status as a prisoner. (Matter of R. J. v D. J., 133 Misc 2d 883 [1986].) Such privileges, however, are not absolute and the general rules regarding visitation are applicable.
*608 Therefore, the issue before this court is whether or not the best interests of the children will be promoted by requiring the respondent to transport the children to the Elmira Reception Center for visitation with the petitioner. (Finlay v Finlay, 240 NY 429.)
It is the opinion of this court that petitioner has voluntarily placed himself in prison, where visitation can only occur through excessive financial and other burdens placed upon the respondent mother, an already overburdened mother who this court finds is without the financial means to arrange for the safe transportation of the children.
In balancing the children’s best interests with this State’s strong policy of maintaining the parental relationship between father and children, courts have previously ordered transportation of children for visitation at a prison where the father was incarcerated and serving a lengthy prison sentence. (Matter of R. J. v D. J., supra.) This case is distinguished by the fact that the petitioner will be granted a parole hearing in approximately a year. The petitioner testified that his history of visitation with the children was such that in the five years since his oldest child’s birth, his contact with his children has been primarily through phone calls and letters from the respondent. During the 18 months petitioner testified he was out of the State in Colorado he admits to returning to New York State once for the purpose of seeing his children. The court therefore establishes no more restrictive visitation than the petitioner chose to exercise during that period when he was out of prison.
This case is further distinguished by the fact that the respondent is attempting to raise her children in obviously impoverished circumstances. According to her testimony, the funds that she receives from public assistance are barely enough to provide the basic necessities for herself and the children. There are no extra funds for nonessential expenditures. Requiring her to incur the expense of transporting the children a distance of 100 miles round trip and/or increasing her telephone bill by accepting collect telephone calls from the petitioner would necessarily force her to deprive herself and the children of other essentials.
This court finds that denial of visitation to this noncustodial parent is based upon substantial evidence that the visitation will be detrimental to the children’s welfare. (See, Shipp v Gaglia, 97 AD2d 945 [1983].) As the court stated in Matter of *609 R. J v D. J. (supra), the court must consider the effect of visitation upon the mother’s well-being. The temporary denial of visitation must be weighed against the burden that would be placed on the mother, thus further, victimizing her children.
The testimony does not establish and the court does not find that visitation by the petitioner with the children at Elmira Correctional Facility or phone contact between the petitioner and the children would be detrimental to the children’s welfare for reasons other than those noted above. In the event that the petitioner himself is able to arrange for the children’s safe transportation to Elmira or reimburse the respondent for the transportation or telephone calls he is encouraged to repetition this court for visitation. In that event a Law Guardian should be appointed prior to any hearing, to represent the children.
There is nothing to indicate that in the meantime, the mother could not communicate with the petitioner regarding the children’s circumstances. Therefore, it is the decision of this court that petitioner’s application for modification of the prior visitation order is denied with respect to transportation of the children, and collect phone calls, but the respondent is ordered to write to the petitioner at least every 90 days to bring petitioner up to date on the children’s health, education and other related matters.