■ In the Matter of CHRISANN MILES, Appellant, v BRIAN WORTHINGTON, Respondent. (Appeal No. 1.) [608 NYS2d 135] — Appeal unanimously dismissed without costs as moot. Same Memorandum as in *Matter of Miles v Worthington* (199 AD2d 1057 [decided herewith]). (Appeal from Order of Allegany County Family Court, Sprague, J.—Custody.) Present—Pine, J. P., Balio, Lawton, Doerr and Boehm, JJ.

■ In the Matter of CHRISANN MILES, Appellant, v BRIAN WORTHINGTON, Respondent. (Appeal No. 2.) [608 NYS2d 28] —

Order unanimously reversed on the law without costs and matter remitted to Allegany County Family Court for further proceedings in accordance with the following Memorandum: Petitioner, natural mother and custodial parent of her five-year-old daughter, sought modification of Family Court's prior order of visitation to allow her to relocate with the child to Alabama, where the family of petitioner's husband resides and where he was able to find full-time employment. Petitioner sought modification of respondent's visitation schedule to provide for extended visitation during school vacations rather than every other weekend. Respondent, the child's natural father, who was never married to petitioner, opposed petitioner's relocation to Alabama and sought custody of the child in the event petitioner chose to relocate. Following a hearing at which only petitioner and respondent testified concerning the relocation issue, Family Court denied the petition to relocate and changed custody to respondent, even in the event that petitioner remained in the area (appeal No. 1). Petitioner immediately petitioned for a modification of Family Court's order. Petitioner averred that she had abandoned her plans to leave the area and asked Family Court to allow her to retain custody of her daughter. Family Court took no further testimony and reaffirmed its prior change of custody to respondent (appeal No. 2). That was error.

A petition by the custodial parent to relocate does not automatically place the prior custody determination at issue. Because the hearing focused on relocation, there is an insufficient basis in the record to support the conclusion that a change in custody from petitioner to respondent would be in the child's best interests (see, Hathaway v Hathaway, 175 AD2d 336, 338). The best interests of the child, of course, remain the test for determining whether there should be a change of custody (see, Ideman v Ideman, 168 AD2d 1001, 1002). "In the absence of any evidence indicating that the custodial parent can no longer provide the quality of home environment or parental guidance that she provided at the time of the original award of custody, there was no basis for a custody modification" (Verity v Verity, 107 AD2d 1082, 1084, affd 65 NY2d 1002). There was no such evidence presented here, and respondent's cross petition for a change of custody was only in the event that petitioner chose to relocate. Under those circumstances, Family Court erred in granting the cross petition for a change of custody. We order custody of the child

restored to petitioner and we remit the matter to Allegany County Family Court before a different Judge for proceedings to fix visitation. (Appeal from Order of Allegany County Family Court, Sprague, J.—Custody.) Present—Pine, J. P., Balio, Lawton, Doerr and Boehm, JJ.