■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AGIN MAJEED, Appellant. [613 NYS2d 69] —Judgment unanimously affirmed. Memorandum: The contention that Supreme Court erred in not referring all *Sandoval* issues to a another Judge at defendant's bench trial has not been preserved for review *(see,* CPL 470.05 [2]). In any event, it is without merit. Supreme Court precluded the prosecutor from questioning defendant regarding a prior incident, and "we may presume that the trial court properly 'considered only the competent evidence in reaching [its] determination' " *(People v Mann,* 172 AD2d 1010, 1010-1011, *lv denied* 78 NY2d 969, quoting *People v Bishop,* 111 AD2d 398, *lv denied* 67 NY2d 649).

Contrary to defendant's contention, the conviction of attempted rape in the first degree is supported by legally sufficient evidence. The medical evidence is not inconsistent with the victim's testimony. Moreover, the credibility of the victim's testimony was a matter for the trier of fact to determine *(see, People v Troy,* 119 AD2d 880, 882).

The conviction of assault in the second degree is supported by legally sufficient evidence. The victim sustained multiple contusions and lacerations on her face, suffered from headaches for approximately one week following the attack and could not lie on her side or sleep properly for three or four days following the attack.

Finally, defendant's contention that the court erred in precluding the testimony of a witness called by defendant to impeach the credibility of the victim is without merit. An impeaching witness "may not testify to specific instances of

want of veracity on the part of the witness whose credibility is in question" but the testimony of such a witness "must be confined strictly to the reputation for veracity of the witness whose credibility is attacked" (Richardson, Evidence § 495, at 480 [Prince 10th ed]). (Appeal from Judgment of Supreme Court, Erie County, Kasler, J.—Attempted Rape, 1st Degree.) Present—Denman, P. J., Lawton, Fallon, Doerr and Davis, JJ.