██ In the Matter of DANIEL LANGDON, Appellant, v BARBARA STEPHEN, Respondent. [624 NYS2d 1017] —Order unanimously reversed on the law without costs and matter remitted to Cattaraugus County Family Court for further proceedings in accordance with the following Memorandum: Family Court abused its discretion in denying the petition for visitation without conducting a hearing *(see, Matter of Fura v Seddon,* 176 AD2d 1244, 1245; *Matter of Elizabeth D.,* 127 AD2d 971; *De Pinto v De Pinto,* 98 AD2d 985) and in peremptorily precluding petitioner from filing a subsequent petition for visitation with his sons while he remains incarcerated *(see, Reese v Reese,* 130 AD2d 973). The matter is remitted to Cattaraugus County Family Court for a hearing before a different Judge. (Appeal from Order of Cattaraugus County Family Court, Nenno, J.—Visitation.) Present—Pine, J. P., Fallon, Wesley, Balio and Boehm, JJ.

██ PEOPLE, Respondent, v JAMES MOSS, Appellant. [624 NYS2d 1021] —Motion for writ of error coram nobis granted and that part of order of this Court entered October 5, 1990 (166 AD2d 921) affirming appellant's judgment of conviction vacated; assigned counsel directed to file and serve appellant's briefs on or before May 5, 1995 and, if so filed and served, respondent directed to file and serve respondent's briefs on or before June 6, 1995. Present—Denman, P. J., Green, Callahan, Doerr and Balio, JJ.

██ PEOPLE, Respondent, v AGIN MAJEED, Appellant. [624 NYS2d 1018] —Motion for writ of error coram nobis granted and order of this Court entered May 27, 1994 (204 AD2d 986) vacated; appellant directed to file and serve his briefs on or before May 5, 1995 and, if so filed and served, respondent directed to file and serve respondent's briefs on or before June 6, 1995. Present—Denman, P. J., Lawton, Fallon, Doerr and Davis, JJ.

██ PEOPLE, Respondent, v DALLAS DESMOND DAVIS, Appellant. [624 NYS2d 985] —Motion for reconsideration granted to the extent that the order of this Court entered November 16, 1994 (209 AD2d 954) is vacated and matter is remitted to Monroe County Court to vacate conviction and dismiss indictment either *sua sponte* or on application by District Attorney or attorney who appeared for appellant *(see, People v Matteson,* 153 AD2d 793, *affd* 75 NY2d 745). Present—Denman, P. J., Green, Fallon, Callahan and Boehm, JJ.