■ BRONEY GADMAN, Respondent, v CONSTANCE GADMAN, Appellant.—In a child custody proceeding pursuant to Family Court Act article 6, the appeal is from an order of the Family Court, Suffolk County (Dunn, J.), entered January 7, 1985, which transferred custody of the parties' child from the appellant mother to the petitioner father.

Order affirmed, without costs or disbursements.

The Family Court Judge properly determined that it was in the best interest of the parties' child to be in the custody of the petitioner father, who also had custody of the child's half-brother. The record shows that despite an order issued by the Supreme Court, Nassau County, finding appellant in contempt for interfering with visitation, and a subsequent warning by Judge Dunn that he would consider her repeated interference with visitation as a basis for a change in custody, appellant continuously and willfully interfered with visitation. She thereby deprived the parties' son of the male role model determined by the court psychiatrist to be vital to the boy's development. Furthermore, at the time the order appealed from was made, appellant was unemployed, had been forced from her home by foreclosure, and was living temporarily with relatives in New Jersey. Such an uncertain living situation would be disruptive to the child's life. The record shows that petitioner can provide the child with a healthy, stabilized

environment. Accordingly, the circumstances of this case support the determination that custody of the child be transferred from the appellant to the petitioner. Mangano, J. P., Rubin, Lawrence and Eiber, JJ., concur.