■ KATHRYN LO BIANCO, Appellant, v ALFRED LO BIANCO, Respondent.—In a matrimonial action, the plaintiff mother appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Balletta, J.), dated February 25, 1987 as, *inter alia,* granted the defendant father's motion to transfer custody of the parties' infant daughter from the mother to the father, after a hearing.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties were married on April 7, 1979, and have one daughter, Frances, born on November 28, 1980. Following the mother's commencement of a divorce action, by order dated August 9, 1982, she was granted certain pendente lite relief, including, without objection, custody of the child. The father was granted "liberal rights of visitation". Thereafter, by a judgment dated February 24, 1983, which incorporated the terms of an oral stipulation of the parties, a divorce was granted to the mother and certain specified visitation was granted to the father. Certain modifications of the visitation provisions of the judgment were subsequently made.

During Christmas vacation in 1985, with her daughter in the Bahamas, the mother met one Morris Mayers, a citizen of

Canada and resident of Montreal, whose family, including two sons, also lived in Canada. A personal relationship developed with the mother also becoming involved in Mr. Mayers' business as a consultant, and the pair traveling back and forth during the following months. The mother eventually agreed to become a partner in Mr. Mayers' business in Canada and on or about August 1986, while on vacation there with her daughter, decided to relocate to that country.

The father brought the instant application by order to show cause dated October 28, 1986, seeking a transfer of custody to him, claiming in his accompanying petition that he had had no visitation with the child since July 14, 1986, and that prior to her relocation to Canada, the mother did not discuss her intentions with him. He also sought an award of temporary custody pending a final determination on his motion, as the child apparently had not been attending any school. Just prior to the commencement of the hearing on the application, the mother and Mr. Mayers moved up the date of their intended marriage and were married in New York on November 7, 1986.

Following the hearing and prior to the court's determination on the application, the child, who had temporarily remained in New York under an interim restraining order, returned to Canada by agreement of the parties pending the determination of the hearing court.

The mother appeals from the hearing court's determination transferring custody of the child to the father. She contends that the hearing court erred in failing to consider her remarriage and obligation thereunder to relocate, as an exceptional circumstance warranting the change of domicile of the child to the new location despite its obvious curtailment of the father's regular visitation which he previously enjoyed with his daughter. However, although we have recognized that "in proper circumstances the need to relocate occasioned by the marriage of the custodial parent will not necessitate a change in the custody arrangement" *(Cataldi v Shaw,* 101 AD2d 823), we have likewise emphasized that such determinations must be made on a case-by-case basis with the overriding consideration being the best interests of the child *(see, Daghir v Daghir,* 82 AD2d 191, *affd* 56 NY2d 938). We have also held that the hearing court's determination is to be accorded great weight and will not be disturbed in the absence of an abuse of discretion *(see, Matter of Gloria S. v Richard B.,* 80 AD2d 72).

The case at bar presents a situation where two loving and caring parents are in conflict over the residence of their child

which necessarily affects their respective rights and interest in their daughter. However, upon reviewing the evidence adduced at the hearing, and the careful consideration given by the hearing court to the circumstances presented, we cannot conclude that the trial court abused its discretion or erred in its determination that the best interest of the child would more likely be effectuated by transferring her custody to the father. We agree with the hearing court's emphasis on the fact that the child has enjoyed a close relationship with both sets of grandparents and both parties' other relatives who are all located in the area of Nassau and Suffolk Counties in New York State. Moreover, although the mother claims that the father may visit the child in Montreal by taking a short airplane trip, or by driving, and that he could enjoy longer visitation periods in New York over the summer, spring and winter school vacation breaks, as we have previously stated "far more significant is the frequency and regularity of the visitation itself" *(see, Daghir v Daghir, supra,* at 195). We also note that prior to her relocation to Canada, the mother did not discuss her intended move and remarriage with the father and likewise failed to provide for the uninterrupted education of the child as a result of her decision to change her domicile to a new country.

We have considered the mother's remaining contentions and find them to be without merit. Thompson, J. P., Brown, Niehoff and Spatt, JJ., concur.