■ In the Matter of DIANE L., Appellant, v RICHARD L., Respondent.—In a child custody proceeding pursuant to Family Court Act article 6, the petitioner mother appeals from an order of the Family Court, Orange County (Ludmerer, J.), entered February 24, 1989, which, after a hearing, *inter alia,* denied the petition and awarded custody of the parties' children to the respondent father.

Ordered that the order is reversed, on the law and the facts, with costs, the petition is granted, custody is awarded to the petitioner mother, and the matter is remitted to the Family Court, Orange County, to determine the visitation to be awarded the respondent father.

Generally an award of custody is a matter of discretion for the hearing court, and its decision is entitled to great weight *(Matter of Darlene T.,* 28 NY2d 391, 395; *Lo Bianco v Lo Bianco,* 131 AD2d 642). Nevertheless, this court must set aside such a decision where it lacks a sound and substantial basis in the record *(Matter of Gloria S. v Richard B.,* 80 AD2d 72, 76; *Skolnick v Skolnick,* 142 AD2d 570). We find no substantial basis in the record to support the instant award of custody to the respondent father.

Despite some testimony of the father to the contrary, the hearing testimony, as well as the respondent's statements to the court-appointed psychiatrist, establishes that the petitioner mother has been the primary caregiver for the greater part of the children's lives, and that the father's involvement with the children was of relatively recent origin. This factor was of great significance to the psychiatrist and to the children's Law Guardian, both of whom recommended that custody be awarded to the petitioner mother. Additionally, the father's farm work schedule requires very long hours, often six or seven days a week. These hours frequently require that he watch the children and work simultaneously, particularly after school. While the petitioner also works, her hours are more flexible and she is available after school and on weekends.

Under the circumstances of this case, and noting the need for a continuous presence in the children's lives as recognized by the opinions of the objective professionals involved in this case, custody should have been awarded to the petitioner mother, with liberal visitation to the respondent father. Brown, J. P., Kunzeman, Eiber and Kooper, JJ., concur.