■ Moshe Nir, Respondent, v Manijeh Nir, Appellant.—In an action for a divorce and ancillary relief, the defendant wife appeals from so much of an order of the Supreme Court, Nassau County (Capilli, J.), dated March 15, 1990, as, after a nonjury trial, awarded joint custody of the parties' child to the plaintiff husband and the plaintiff's mother.

Ordered that the order is modified, on the law, by deleting therefrom the provision designating the paternal grandmother as a joint custodian of the parties' child and substituting therefor a provision that the plaintiff husband shall have sole custody of the child; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The parties herein were born in Tehran, Iran, and were married in 1984, after a brief courtship. Their only child, Joseph, who is the subject of this appeal, was born on August 13, 1985. The husband subsequently commenced the instant

divorce action in August 1988 and by order dated November 14, 1988, the Family Court, Nassau County, awarded temporary custody of the parties' son to the wife. At issue on appeal is the propriety of an order of the Supreme Court which, following a nonjury trial, vacated the temporary order of the Family Court and transferred custody of the infant child to the plaintiff husband and the child's paternal grandmother as joint custodians.

This vigorously contested custody dispute was the subject of 13 days of trial testimony which included detailed and extensive testimony from several mental health professionals consulted by the parties both prior to and after the commencement of the instant action, as well as from a psychiatrist who conducted the court-ordered forensic evaluation of the parties and their child. Although the court-appointed psychiatrist found the wife to be the most "critically attuned parent to the needs" of the child, the expert testimony also revealed that she suffered from a personality disorder characterized by paranoid features. Moreover, as the Supreme Court detailed in its decision, the wife's testimony was characterized by repeated falsehoods which seriously cast into doubt her fitness to serve as the custodial parent. The wife made numerous allegations concerning sexual abuse of the child by the husband and his parents, the husband's hospitalization in a psychiatric facility, the husband's repeated rape of her during the marriage, and other grave accusations, all of which were unsubstantiated.

The prevailing standard in determining an appropriate custody award is, of course, the best interests of the child (see, *Eschbach v Eschbach,* 56 NY2d 167; *Friederwitzer v Friederwitzer,* 55 NY2d 89). Since any such determination depends largely upon an assessment of the credibility and character of all the parties involved, the trial court's findings must be accorded great respect on appeal (see, e.g., *Eschbach v Eschbach, supra,* at 174; *Matter of Irene O.,* 38 NY2d 776; *Lenczycki v Lenczycki,* 152 AD2d 621, 623). Upon our review of the record at bar, we are satisfied that the Supreme Court's award of custody of the parties' son to the plaintiff father was in the child's best interests (see, *Friederwitzer v Friederwitzer, supra,* at 94). While we are mindful that the Supreme Court also expressed concern over the husband's lack of "hands on" parenting experience, when this deficiency is balanced against the evidence concerning the wife's psychological disorder, and her pattern of distorting the truth, it cannot be gainsaid that the Supreme Court's decision is supported by a sound and

substantial basis in the record, and thus should not be disturbed *(see, Eschbach v Eschbach, supra; Gagliardo v Gagliardo,* 151 AD2d 718, 719).

However, it was an improvident exercise of discretion for the trial court to have awarded the husband's mother joint custody of the child, since she is not a party to this action, and never formally applied for such relief. Accordingly, the order must be modified to award sole custody of the child to the husband. Thompson, J. P., Brown, Eiber and Miller, JJ., concur.