■ In the Matter of JEFFREY R. GARVIN, Appellant, v ROSE M. GARVIN, Respondent.—In a child custody proceeding, the father appeals, as limited by his brief, from so much of an order of the Family Court, Suffolk County (Berler, J.), entered September 14, 1990, as awarded custody of the infant child of the parties to the mother and prohibited all telephonic and verbal communications between the parties at all times, except in emergencies. This appeal brings up for review so much of an order of the same court, entered November 29, 1990, as, upon reargument, modified visitation and otherwise adhered to the original determination (CPLR 5517 [b]).

Ordered that the appeal from the order entered September 14, 1990, is dismissed, as that order was superseded by the order entered November 29, 1990, made upon reargument; and it is further,

Ordered that the order entered November 29, 1990, is affirmed insofar as reviewed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The parties were married in 1983. Their only child, Jeremy, who is the subject of this appeal, was born on August 14, 1986. The husband subsequently commenced a divorce action in December 1986 following his wife's departure from the marital home in April 1986. At issue on appeal is the propriety of an order of the Family Court, which, following a hearing, *inter alia,* awarded custody of Jeremy to his mother.

It is clear that between two natural parents, the preeminent concern in a custody determination is what is in the best interests of the child *(see,* Domestic Relations Law § 240; *Eschbach v Eschbach,* 56 NY2d 167; *Friederwitzer v Friederwitzer,* 55 NY2d 89; *Matter of Coyne v Coyne,* 150 AD2d 573, 575; *Matter of Robert T. F. v Rosemary F.,* 148 AD2d 449; *Alan G. v Joan G.,* 104 AD2d 147; *Aldous v Aldous,* 99 AD2d 197, 199, *cert denied* 469 US 1109). Courts making custody

determinations must weigh several factors of varying degrees of importance, including the relative fitness of the parents, the original placement of the child and the length of that placement, abduction, or defiance of legal process, the quality of the home environment, the existence of siblings, the parents' financial status, parental guidance and their ability to provide for the child's emotional and intellectual functioning, the child's desires, and religion *(see, Eschbach v Eschbach, supra,* at 172, 173; *Friederwitzer v Friederwitzer, supra,* at 94; *Matter of Robert T. F. v Rosemary F., supra).* In reviewing an award of custody, an appellate court must be mindful that a custody determination is a matter entrusted to the discretion of the trial court, and its decision is entitled to great deference, particularly because any determination turns in large part upon the trial court's observation of demeanor and assessment of the credibility, character, temperament and sincerity of the parties involved *(see, Eschbach v Eschbach, supra,* at 173; *Del Papa v Del Papa,* 172 AD2d 798; *Nir v Nir,* 172 AD2d 651; *Matter of Diane L. v Richard L.,* 151 AD2d 760, 761; *Matter of Coyne v Coyne, supra; Matter of Robert T. F. v Rosemary F., supra; Leistner v Leistner,* 137 AD2d 499, 500). Based thereon and upon a review of the record in light of the factors outlined above, we are satisfied that the Family Court correctly determined that the best interests of Jeremy would be served by permitting physical custody to remain with his mother.

Moreover, contrary to the petitioner's contention that his constitutional rights were violated by the court's prohibition of verbal or telephone contact between the parties, except in emergencies, we find that the Family Court's decision on this issue was amply supported by the evidence. Previously, this court has held that a restriction upon a noncustodial parent's telephone calls to his/her children is not appropriate absent a showing that such calls disrupted the household *(see, Di Mascio v Di Mascio,* 88 AD2d 966, 967). The testimony of the witnesses, and the contents of almost three hours of audiotapes admitted into evidence, clearly demonstrate the hostility between the parties and the disruptive effect these confrontations caused in the respective households. We therefore find that the Family Court properly exercised its discretion in limiting telephonic and verbal communications between the parties to emergency circumstances only.

We have examined the petitioner's remaining contention and find it to be without merit. Harwood, J. P., Lawrence, Eiber and Balletta, JJ., concur.