■ In the Matter of TITO G., Appellant, v THELMA G., Respondent.—In a child custody and visitation proceeding pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Kings County (Pearce, J.), dated November 27, 1989, as, after a hearing, denied his petition for custody of the children, permitted custody to remain with the mother, and granted him supervised visitation contingent upon his enrollment in a program for psychiatric treatment.

Ordered that the order is modified, on the law and as a matter of discretion, by deleting the provision which granted the appellant supervised visitation contingent upon his enrollment in a program for psychiatric treatment; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for a new hearing and determination as to the father's entitlement to visitation with his children.

Contrary to the father's argument, we find no reason to disturb the Family Court's determination which permitted custody of the two minor children to remain with the mother. It is well-settled that an award of custody is a matter of discretion for the hearing court and its decision is entitled to great weight *(see, Eschbach v Eschbach,* 56 NY2d 167, 173; *Matter of Diane L. v Richard L.,* 151 AD2d 760). The record indicates that the father is not employed. He presently lives with one other person, and has been living with various family members for varying lengths of time without a con-

crete plan for independent living. Furthermore, a court psychologist noted that the father suffers from prominent paranoid feelings of mistreatment, persecution, and resentfulness. In addition, the psychologist indicated that the father's attitude was suggestive of an underlying major mental disorder. Under these circumstances, the Family Court properly permitted the children to remain with the mother.

However, the court erred in granting supervised visitation to the father contingent upon his enrollment in a program for psychiatric treatment. We note that while the Family Court may order a parent or child to be examined by a psychiatrist and may consider the report before arriving at its judgment in a custody proceeding, the court has no power to compel a party to undergo therapy as a condition for awarding visitation to that party (see, Nacson v Nacson, 166 AD2d 510; Matter of Paris v Paris, 95 AD2d 857; Matter of Grado v Grado, 44 AD2d 854). Lawrence, J. P., Copertino, Pizzuto and Santucci, JJ., concur.