■ William L. Giatras, Appellant, v Evelyn Giatras, Respondent. [608 NYS2d 520] —In an action for a divorce and ancillary relief, the plaintiff father appeals, as limited by his

brief, from so much of a judgment of the Supreme Court, Suffolk County (Tanenbaum, J.), entered on October 13, 1993, as awarded custody of the two minor children to the defendant mother, and directed that the plaintiff father have supervised visitation with the daughter.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Following a lengthy hearing, the court granted custody of the parties' two children to the mother, and fixed visitation with the father according to a schedule submitted by him, with the limitation that visitation with his daughter was to be supervised. We now affirm.

The paramount concern in a custody determination is the best interests of the child (see, Domestic Relations Law § 240; see also, Eschbach v Eschbach, 56 NY2d 167). Among the factors to be considered in determining the child's best interests are the relative fitness of the parents, the respective parent's guidance and ability to provide for the child's emotional and intellectual development, the quality of the home environment, and the existence of siblings (see, Eschbach v Eschbach, supra, at 173; see also, Matter of Garvin v Garvin, 176 AD2d 318). Although the authority of the Appellate Division in determining custody is as broad as that of the trial court, great deference is given to the trial court's findings, since its decision rests upon its first-hand assessment of the credibility, character, temperament and sincerity of the parties (see, Eschbach v Eschbach, supra). The record is clear that the daughter appears to be developing well emotionally and has flourished in the mother's care. The mother, in turn, has demonstrated a positive desire to take proper care of the children and has taken many of the steps necessary to provide a stable environment. There is less certainty that the father will offer the same nurture and guidance. We are satisfied that the trial court considered the evidence in light of the relevant law, and that the court correctly determined that the daughter's best interests would be served by permitting physical custody to remain with the mother, while the father has supervised visitation.

It was also reasonable that custody of the younger sibling be transferred to the mother, so that the children can be together (see, Matter of Ebert v Ebert, 38 NY2d 700, 704; see also, Obey v Degling, 37 NY2d 768). Sullivan, J. P., Joy, Friedmann and Goldstein, JJ., concur.

■ LOUIS GOLDBERG, an Infant, by His Mother and Natural