■ WENDY JAMES, Appellant, v EDWARD JAMES, Respondent. [609 NYS2d 485] —Judgment unanimously reversed on the law without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: The parties were married in December 1961. In May 1991, plaintiff commenced this action for separation on the ground of cruel and inhuman treatment. On the first day of trial, the parties placed a stipulation on the record in open court disposing of all contested issues including custody, spousal support, responsibility for education expenses of the children and counsel fees. The stipulation did not address equitable distribution. Thereafter, defendant signed an acknowledgment that he understood and accepted the terms of the stipulation. Plaintiff refused to sign the acknowledgment. The court granted a judgment of separation against defendant and incorporated but did not merge the terms of the stipulation in the judgment.

Pursuant to Domestic Relations Law § 236 (B) (3), "[a]n agreement by the parties, made before or during the marriage, shall be valid and enforceable in a matrimonial action if such agreement is in writing, subscribed by the parties, and acknowledged or proven in the manner required to entitle a deed to be recorded". The unacknowledged open court stipulation here did not meet those requirements. The court was required, therefore, to set forth the factors it considered in reaching its decision concerning maintenance and child support (Domestic Relations Law § 236 [B] [6], [7]). Because the court failed to do so, the judgment that incorporated the terms of the invalid stipulation and determined the contested

issues must be reversed and the matter remitted to Supreme Court for further proceedings on the complaint (see, Hanford v Hanford, 91 AD2d 829; Giambattista v Giambattista, 89 AD2d 1057). (Appeal from Judgment of Supreme Court, Onondaga County, Murphy, J.—Child Support.) Present—Pine, J. P., Fallon, Callahan, Davis and Boehm, JJ.