■ LAURA FANELLI, Respondent, v RICHARD FANELLI, Appellant. [627 NYS2d 425] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Queens County (Durante, J.), dated January 18, 1994, which (1) awarded the plaintiff wife sole custody of the parties' infant child, (2) directed the husband to pay child support in the weekly sum of $100 plus expenses for child care, health, hospital, and dental care for the child not covered by insurance, (3) directed the husband to return to the wife certain items of marital property and jewelry, and (4) awarded the wife $4,250.

Ordered that the judgment is modified, on the law and the facts, by deleting from the fourth decretal paragraph thereof the language: "plus expenses for child care" and substituting therefor the following language: "plus 60% of the expenses for child care"; as so modified the judgment is affirmed, with costs to the respondent.

Laura Fanelli, the plaintiff wife, and Richard Fanelli, the defendant husband, were married on April 26, 1986, and had one child, Nicholas, born on March 31, 1989. The parties separated in September 1990, and, for the first few months thereafter, they shared custody of Nicholas. However, on December 1, 1990, the wife relinquished physical custody of Nicholas to the husband subject to the wife seeing the child twice a week. This arrangement continued until August 1992 when both parties moved for temporary legal custody. On December 12, 1992, the court awarded temporary custody of the child to the wife with visitation to the husband. The judgment of divorce dated January 18, 1994, granted perma-

nent custody to the wife. The husband contends that the court erred in awarding custody of Nicholas to the wife. We disagree.

Generally stated, any determination of child custody must be based upon "what is for the best interest of the child and what will best promote [the child's] welfare and happiness" *(Eschbach v Eschbach,* 56 NY2d 167, 171; *Matter of Coyne v Coyne,* 150 AD2d 573, 575; *Matter of Robert T. F. v Rosemary F.,* 148 AD2d 449). In this regard, the courts will often consider a number of different factors of varying degrees of importance including, *inter alia,* (1) the original placement of the child, (2) the length of that placement, (3) the child's desires, (4) the relative fitness of the parents, (5) the quality of the home environment, (6) the parental guidance given to the child, (7) the parent's financial status, and (8) his or her ability to provide for the child's emotional and intellectual development *(see, Kuncman v Kuncman,* 188 AD2d 517, 518; *Fox v Fox,* 177 AD2d 209, 210; *Matter of Garvin v Garvin,* 176 AD2d 318, 319).

In reviewing an award of custody, an appellate court must be mindful that a custody determination is a matter entrusted to the discretion of the trial court, and its decision is entitled to great deference, particularly because any determination turns in large part upon the trial court's observation of demeanor and its assessment of the credibility, character, temperament, and sincerity of the parties involved *(see, Eschbach v Eschbach, supra,* at 173; *Del Papa v Del Papa,* 172 AD2d 798; *Nir v Nir,* 172 AD2d 651; *Matter of Diane L. v Richard L.,* 151 AD2d 760, 761; *Matter of Coyne v Coyne, supra; Matter of Robert T. F. v Rosemary F., supra; Leistner v Leistner,* 137 AD2d 499, 500).

Based upon our review of the record in light of the above principles, we are satisfied that the court correctly determined that the best interests of Nicholas would be served by granting the wife sole custody of the child. We note that while the original agreement between the parties placing custody of Nicholas with the father is entitled to great consideration *(see, Eschbach v Eschbach, supra,* at 171), "[n]o agreement of the parties can bind the court to a disposition other than that which a weighing of all the factors involved shows to be in the child's best interest[s]" *(Friederwitzer v Friederwitzer,* 55 NY2d 89, 95).

This statement is particularly true in this case where there is a serious question as to whether the initial arrangement was voluntarily agreed to by the wife. In addition, the court

did not err in accepting the recommendations of the court-appointed experts that the wife be granted custody rather than those of the husband's experts since the husband's experts never interviewed the wife *(see, Matter of Rebecca B.,* 204 AD2d 57, 58; *Walden v Walden,* 112 AD2d 1035, 1037).

Finally, the evidence showed that for the two years during which he had custody of Nicholas, the husband consistently and systematically restricted the wife's visitation with Nicholas, thus raising serious questions about his fitness to act as the custodial parent *(see, Finn v Finn,* 176 AD2d 1132; *see also, Gadman v Gadman,* 113 AD2d 917).

In determining the distribution of the parties' marital property, the trial court failed to set forth the factors it considered and the reasons for its decision as mandated by Domestic Relations Law § 236 (B) (5) (d), (g). We take this opportunity to once again point out to the trial bench the importance of complying with the requirements of the Domestic Relations Law. In most instances where there has been a failure to so comply with the mandates of the statute, we remit the matter to the trial court and require the Trial Judge to set forth the factors considered in making its determination with respect to equitable distribution. The failure of the Trial Judge to take the time to properly follow the statute results in a totally unnecessary and completely unsatisfactory delay in the ultimate resolution of the parties' matrimonial action.

Nevertheless, under the special circumstances of this case and in the interest of judicial economy, we are exercising our power to make determinations as to the equitable distribution of the parties' marital property *(see, Majauskas v Majauskas,* 61 NY2d 481, 493-494; *Rossi v Rossi,* 163 AD2d 376). At the time of trial, the wife, who was 28 years old, was earning about $20,000 from her part-time job and the husband, who was 30 years old, was earning about $31,000. The parties were married for about four and one-half years at the time they separated, and there was no evidence that either party had any other assets or income.

In consideration of these facts, we find that the court equitably distributed the parties' property. Certainly, in view of the fact that the wife was awarded custody, the court did not err in directing the husband to give her their son's personal belongings or in directing the husband to turn over to her personal property such as her jewelry *(see, e.g., Borg v Borg,* 107 AD2d 777). Also, insofar as there was evidence that the husband owed the wife $4,250 including $1,000 he took

from their son's account, the court properly directed him to pay the wife these sums.

Although the court should have considered the Social Security and New York City taxes actually paid by the parties and deducted the same from each party's income to determine the combined parental income (see, Domestic Relations Law § 240 [1-b] [b] [5] [vii]), a review of the record shows that the evidence before the court was inadequate to determine the amounts for such taxes paid by the parties.

Thus, the court's determination of the child support award was proper based on the available financial proof in the record (compare, Manno v Manno, 196 AD2d 488). However, the court erred in not pro rating each parent's share of the reasonable child care, health, and dental care expenses for the child not covered by insurance (see, Domestic Relations Law § 240 [1-b] [c] [5]). Balletta, J. P., O'Brien, Thompson and Altman, JJ., concur.