■ CYNTHIA M. COOPER, Appellant, v ROBERT T. COOPER, Respondent. [630 NYS2d 158] —Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: The trial court erred in failing to distribute the funds in a personal IBEW account titled in defendant's name, the contents of the marital residence, and the interest of plaintiff in a pension plan provided by her current employer according to the *Majauskas* formula *(see, Majauskas v Majauskas,* 61 NY2d 481).

Further, the court erred in directing that each party retain funds in various savings and investment accounts titled in that party's name. During the marriage, the parties contributed a certain amount from their respective weekly earnings toward the payment of household expenses. Each of them invested any surplus earnings into individual accounts that each maintained in his or her own name. The court concluded that the funds in each account should be retained by the account owner based upon what it perceived to be an agreement between the parties. As a result, substantially more than half of the marital assets were distributed to defendant.

The court improperly based its distribution upon the informal banking arrangements of the parties. "Equitable distribution [is] based upon the premise that a marriage is, among other things, an economic partnership to which both parties contribute as spouse, parent, wage earner or homemaker" *(O'Brien v O'Brien,* 66 NY2d 576, 585). Marital partners may agree that property they acquire during the marriage will be divided in a particular manner, but that agreement must be in

writing *(see,* Domestic Relations Law § 236 [B] [3]; *James v James,* 202 AD2d 1006) or be part of an oral stipulation placed upon the record in open court and acknowledged in writing to be free from fraud, undue influence and duress *(see, Ashcraft v Ashcraft,* 195 AD2d 963). The informal arrangement of the parties does not constitute such an agreement.

Absent such an agreement, the distribution of marital property must be based upon the equitable consideration and application of 13 enumerated factors *(see,* Domestic Relations Law § 236 [B] [5] [c], [d]), and the court is required to "set forth the factors it considered and the reasons for its decision" (Domestic Relations Law § 236 [B] [5] [g]; *see also, James v James, supra; Norgauer v Norgauer,* 126 AD2d 957, 958). The record does not show that the court considered the statutory factors; it shows that the court relied only upon that informal banking arrangement.

We also conclude that the court erred in granting defendant a credit for the payment of carrying charges on the marital residence in which he lived rent-free subsequent to the physical separation of the parties. A party who has used non-marital funds for the payment of mortgage expense and real estate taxes may be allowed a credit for a portion of those payments *(see, Martusewicz v Martusewicz,* 217 AD2d 926 [decided herewith]). Defendant, however, failed to show that those payments were made from non-marital funds.

Thus, we modify the judgment on appeal by vacating those provisions effecting a distribution of marital property and remit this matter to Supreme Court for appropriate findings and an equitable distribution of the marital property. (Appeal from Judgment of Supreme Court, Onondaga County, Schneider, J.H.O.—Equitable Distribution.) Present—Denman, P. J., Lawton, Wesley, Balio and Boehm, JJ.