■ KIM H. MARTUSEWICZ, Appellant, v TINA MARTUSEWICZ, Respondent. [630 NYS2d 156] —Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court properly considered the best interests of the children in granting custody to defendant (see, Fox v Fox, 177 AD2d 209). Although the parties had not entered into a custody agreement prior to trial, they had agreed to a visitation schedule in which defendant had the children with her approximately 65% of the time. The court gave appropriate consideration to that pre-existing visitation agreement in its custody determination (see, Friederwitzer v Friederwitzer, 55 NY2d 89; see also, Fox v Fox, supra, at 210-211).

The court erred, however, in reducing plaintiff's visitation

from the parties' pre-existing visitation agreement. The record reflects that the visitation agreement of the parties provided them with a meaningful opportunity to participate in the lives of their children. We conclude that the best interests of the children will be served by reinstating that agreement, allowing plaintiff alternating bi-weekly visitation with the children during the summer school recess.

The court also erred in imputing an annual income to plaintiff of $60,000 per year in determining his child support obligation. The court made no finding that plaintiff voluntarily reduced his income to avoid paying child support (see, Domestic Relations Law § 240 [1-b] [b] [5] [v]; see also, Southwick v Southwick, 202 AD2d 996, 998, lv dismissed 83 NY2d 1000; Davis v Davis, 197 AD2d 622). At trial, plaintiff acknowledged that his income had dropped significantly during 1993 as a result of increased operating expenses and the purchase of computer software that would allow him to expand his law practice into the area of collections. Defendant did not present any proof concerning plaintiff's tax returns or business practices, nor did the court require plaintiff to produce any of his business records to substantiate his significant loss of income (see, Domestic Relations Law § 240 [1-b] [j]). Thus, the court's use of an imputed or projected income was without basis in law or fact (see, Domestic Relations Law § 240 [1-b] [b] [5] [i]; see also, Linda R. H. v Richard E. H., 205 AD2d 498, 500; Suydam v Suydam, 203 AD2d 806, 811, lv dismissed 84 NY2d 923; Malatino v Malatino, 185 AD2d 605, 606).

Additionally, the court erred in computing the parties' basic child support obligation pursuant to Domestic Relations Law § 240 (1-b) (c). The statute requires the court to determine the basic child support obligation of the parties by (1) determining the combined parental income, (2) multiplying the combined parental income up to $80,000 by the appropriate child support percentage, and (3) pro-rating the resulting amount between the parents in accordance with the ratio that each parent's income bears to the combined parental income. If the combined parental income exceeds $80,000, the court must determine the amount of child support for the combined parental income in excess of $80,000 by considering the factors set forth in Domestic Relations Law § 240 (1-b) (f) and/or by applying the appropriate percentages (Domestic Relations Law § 240 [1-b] [c] [1], [2], [3]; see also, Matter of Cassano v Cassano, 85 NY2d 649; Linda R. H. v Richard E. H., supra, at 499-500).

In light of the significant fluctuations in the income of plaintiff since he began practicing law alone in 1991, and the

lack of an adequate record for this Court to determine a child support award consistent with the requirements of Domestic Relations Law § 240 (1-b) (c) or (f), the matter must be remitted to Supreme Court for that determination based upon updated financial information from both parties (see, *Miller v Miller,* 201 AD2d 542, 544). If the court determines that plaintiff's pro rata share of the basic child support obligation is unjust or inappropriate pursuant to Domestic Relations Law § 240 (1-b) (f), it must set forth the factors it has considered and its reasons for that determination (see, Domestic Relations Law § 240 [1-b] [g]).

The court also erred in failing to grant plaintiff a credit for payments he made on the mortgage and taxes associated with the marital residence. Those payments were not made from marital funds and, therefore, plaintiff did not reduce marital debt by using marital assets (see, *Larsen v Larsen,* 54 AD2d 1073; *cf., Cooper v Cooper,* 217 AD2d 904 [decided herewith]; *Panasci v Panasci,* 187 AD2d 928, 929). Plaintiff reduced the principal on the mortgage from the time of defendant's departure from the marital residence until the time of trial by $1,941.12, and he paid real property taxes in the amount of $2,394. The court's distribution of the marital estate must be modified, therefore, by granting plaintiff an additional credit of one half of those payments, or $2,167.56.

We have considered the remaining issues raised by plaintiff and conclude that they are without merit. We modify the judgment appealed from, therefore, by adding to the third ordering paragraph that plaintiff shall have alternating bi-weekly visitation with the children during their summer school recess; by decreasing defendant's equity in the marital residence as provided in the fifth ordering paragraph by $2,167.56, to $5,233.50; and by deleting the 13th ordering paragraph concerning payment of child support by plaintiff to defendant. We remit the matter to Supreme Court to make the necessary calculations and findings based upon updated financial information from both parties in determining a child support award. (Appeal from Judgment of Supreme Court, Jefferson County, Gilbert, J.—Equitable Distribution.) Present—Denman, P. J., Fallon, Wesley, Doerr and Balio, JJ.