■ Ellen Margolis, Appellant, v Paul Hawkins, Respondent. [671 NYS2d 304] —In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from (1) stated portions of a decision of the Supreme Court, Rockland County (Weiner, J.), dated March 3, 1997, (2) stated portions of a judgment of the same court, also dated March 3, 1997, which, *inter alia*, granted custody of the child to the defendant and visitation to the plaintiff, and equitably distributed the parties' marital property, and (3) so much of an order of the same court, dated March 13, 1997, as limited the plaintiff's phone access to the child to every other day that the defendant has physical custody, but not on the day prior to or the day after any visitation takes place.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the judgment is modified, as a matter of law, by deleting from the tenth decretal paragraph thereof the words "that the marital residence shall be immediately sold by the plaintiff", and the second, fifth, and sixth sentences; as so modified, the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the order is modified, as a matter of discretion, by (1) deleting from the first sentence of the fourteenth decretal paragraph thereof the words "every other day that" and

substituting therefor the word "when", and (2) deleting the second sentence of the fourteenth decretal paragraph which states, "No telephone calls shall be made to the child the day prior or the day after any visitation takes place"; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that the appellant is awarded one bill of costs.

The Supreme Court's finding that the best interests of the child would be served by granting custody to the defendant has a sound and substantial basis in the record (see, Eschbach v Eschbach, 56 NY2d 167, 173-174; Matter of Cotoia v Cotoia, 232 AD2d 411; Matter of Garvin v Garvin, 176 AD2d 318). However, the court improperly limited the plaintiff's phone access to the child to every other day when the defendant has custody since there was no evidence that the plaintiff's phone calls disrupted the household (see, Di Mascio v Di Mascio, 88 AD2d 966; cf., Matter of Garvin v Garvin, supra).

In addition, the court erred to the extent that it addressed in the judgment the disposition of the marital residence, since the marital agreement, dated November 8, 1991, controlled the disposition of that asset upon divorce (see, Domestic Relations Law 236 [B] [3]; Cooper v Cooper, 217 AD2d 904; Greenfield v Greenfield, 147 AD2d 440).

The plaintiff's remaining contentions are without merit. Rosenblatt, J. P., Miller, Ritter and Sullivan, JJ., concur.