Ritornato v Ritornato (2020 NY Slip Op 04981)





Ritornato v Ritornato


2020 NY Slip Op 04981


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-11729
 (Index No. 2876/12)

[*1]Daria Ritornato, respondent,
v
Michael Ritornato, appellant.


David O. Wright, Buchanan, NY, for appellant.
VanderWoude & Roma PLLC, Stormville, NY (Neil VanderWoude of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to reform a settlement agreement, the defendant appeals from an amended judgment of divorce of the Supreme Court, Westchester County (Janet C. Malone, J.), dated October 18, 2017. The amended judgment of divorce, insofar as appealed from, after an inquest, and upon a corrected decision of the same court dated June 27, 2017, in effect, reformed the parties' settlement agreement and awarded the plaintiff the sum of $204,997.06, representing her share of the equitable distribution of marital assets.
ORDERED that the amended judgment of divorce is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith.
The parties were married in 1993 and have three children. In 2008, the plaintiff commenced an action for a divorce and ancillary relief, and on July 21, 2010, the parties entered into a settlement agreement. The settlement agreement was incorporated but not merged into the parties' judgment of divorce dated July 11, 2011.
On April 23, 2012, the plaintiff commenced this plenary action seeking, inter alia, to rescind or reform the settlement agreement, alleging, among other things, unconscionability. The defendant filed an answer dated June 27, 2012. The defendant then moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint. The Supreme Court, among other things, denied that branch of the motion which was to dismiss the cause of action alleging unconscionability.
After approximately two years of the defendant's failure to comply with, among other things, court-ordered discovery, the plaintiff cross-moved, inter alia, pursuant to CPLR 3126 to strike the defendant's answer. The Supreme Court found that the defendant's failure to comply was willful and contumacious and granted that branch of the plaintiff's cross motion which was to strike the defendant's answer.
After an inquest, in a decision dated December 23, 2016, the Supreme Court determined that the parties' settlement agreement should be reformed and that the equitable distribution of the parties' marital assets should be modified. The defendant then moved, inter alia, [*2]pursuant to CPLR 4404 for a new inquest. In an order dated June 27, 2017, the court denied the defendant's motion. Additionally, the court identified an error in the decision dated December 23, 2016, and indicated its intention to correct the error. The court issued a corrected decision dated June 27, 2017, and, upon the corrected decision, issued an amended judgment of divorce dated October 18, 2017. The defendant appeals from the amended judgment of divorce.
We agree with the Supreme Court's determination to deny that branch of the defendant's motion which was to dismiss the cause of action alleging unconscionability. In a matrimonial action, "[a] stipulation of settlement should be closely scrutinized and may be set aside upon a showing that it is unconscionable or the result of fraud, or where it is shown to be manifestly unjust because of the other spouse's overreaching" (Cruciata v Cruciata, 10 AD3d 349, 350). "An unconscionable agreement is one such as no person in his or her senses and not under delusion would make on the one hand, and as no honest and fair person would accept on the other, the inequality being so strong and manifest as to shock the conscience and confound the judgment of any person of common sense'" (Shah v Mitra, 171 AD3d 971, 977, quoting Christian v Christian, 42 NY2d 63, 71). Here, the allegations in the complaint sufficiently pleaded a cause of action to reform the settlement agreement on the ground of unconscionability (see Shah v Mitra, 171 AD3d at 978).
The Supreme Court providently exercised its discretion in granting that branch of the plaintiff's cross motion which was to strike the defendant's answer. "Before a court invokes the drastic remedies of striking a pleading or precluding evidence based on the failure to provide court-ordered discovery, there must be a clear showing that the failure was willful and contumacious" (Madonna Mgt. Servs., Inc. v R.S. Naghavi, M.D., PLLC, 172 AD3d 845, 847). "The willful and contumacious character of a party's conduct can be inferred from either (1) the repeated failure to respond to demands or comply with court-ordered discovery, without a reasonable excuse for these failures, or (2) the failure to comply with court-ordered discovery over an extended period of time" (id. at 847). In light of the defendant's repeated failure to comply with multiple court orders, we agree with the court's conclusion that he engaged in willful and contumacious conduct.
" [A] defendant whose answer is stricken as a result of a default admits all traversable allegations in the complaint, including the basic allegation of liability, but does not admit the plaintiff's conclusion as to damages'" (Shah v Oral Cancer Prevention Intl., Inc., 138 AD3d 722, 724, quoting Napolitano v Branks, 128 AD2d 686, 687). Here, the evidence adduced at the inquest supports the Supreme Court's determination to reform the parties' settlement agreement and to modify the equitable distribution of the marital assets. However, the court failed to set forth the factors it considered in determining how to equitably distribute the parties' marital assets when it reformed the settlement agreement (see Domestic Relations Law § 236[B][5][g]; Madu v Madu, 135 AD3d 836, 837; Meisl v Meisl, 153 AD2d 839, 840). Accordingly, we remit the matter to the Supreme Court, Westchester County, for a new determination of the issue of equitable distribution based on findings of fact in compliance with Domestic Relations Law § 236(B).
The defendant's remaining contentions either are without merit or need not be reached in light of our determination.
DILLON, J.P., HINDS-RADIX, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court