Potvin v Potvin (2021 NY Slip Op 02429)





Potvin v Potvin


2021 NY Slip Op 02429


Decided on April 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2018-01321
 (Index No. 2501/15)

[*1]Jean Marie Potvin, respondent,
v
Guy Potvin, appellant.


Stenger, Roberts, Davis & Diamond, LLP, Wappingers Falls, NY (Meghan Mossey of counsel), for appellant.
Bodnar Milone LLP, White Plains, NY (Ivana Peric Laroche of counsel), for respondent.



DECISION & ORDER
In a matrimonial action, the defendant appeals from a judgment of divorce of the Supreme Court, Dutchess County (James D. Pagones, J.), dated December 19, 2017. The judgment of divorce, insofar as appealed from, upon a decision and order (one paper) of the same court dated November 22, 2017, made after a nonjury trial, inter alia, denying that branch of the defendant's motion which was for an award of counsel fees, equitably distributed the parties' marital property, directed that each party shall retain sole ownership of certain assets in their own name, directed that each party shall bear the cost of their own counsel fees, and failed to award the defendant the sum of $96,152 as maintenance arrears.
ORDERED that the judgment of divorce is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provisions thereof directing the equitable distribution of the parties' marital property, (2) by deleting the provision thereof directing that each party shall retain sole ownership of certain assets in their own name, and (3) by deleting the provision thereof directing that each party shall bear the cost of their own counsel fees; as so modified, the judgment of divorce is affirmed insofar as appealed from, without costs or disbursements, that branch of the defendant's motion which was for an award of counsel fees is granted, the decision and order dated November 22, 2017, is modified accordingly, and the matter is remitted to the Supreme Court, Dutchess County, for further proceedings consistent herewith, and for the entry of an appropriate amended judgment of divorce thereafter.
The parties were married in 1974 and have two adult children. On July 9, 2015, the plaintiff commenced this action for a separation, and the defendant counterclaimed for a divorce. In a pendente lite order dated August 29, 2016, upon the consent of the parties, the Supreme Court, inter alia, awarded the defendant the sum of $25,500, payable by the plaintiff, and directed that the plaintiff was entitled to a credit in the sum of $25,500 against any amounts awarded to the defendant after trial.
At trial, testimony was elicited that the parties previously separated in 1991. The plaintiff commenced a prior action for a divorce in 1996, and the defendant agreed to pay child [*2]support in the sum of $1,200 per month. The plaintiff discontinued the prior divorce action in 1998. The defendant then moved back into the marital residence. The plaintiff testified, however, that the parties entered into an oral agreement that they were not reconciling and that each waived any right to the other's assets. The defendant denied entering into such an agreement and claimed it was his understanding that the parties had reconciled. However, the defendant continued to pay the plaintiff the sum of $1,200 per month as his contribution toward household expenses until 2012.
In September 2017, the defendant moved, inter alia, for an award of counsel fees. In a decision and order dated November 22, 2017, made after the trial, the Supreme Court, inter alia, denied that branch of the defendant's motion which was for an award of counsel fees. The court also found that there was no "economic partnership" between the parties at any time following their separation in 1991, and that "each party shall retain ownership of the assets under his or her dominion and control," including cash accounts, stocks, stock options, pension and retirement accounts, life insurance policies, and deferred compensation plans. In a judgment of divorce dated December 19, 2017, the court, among other things, directed that each party shall retain sole ownership of the aforementioned assets in their own names, and awarded the plaintiff the marital residence, with a directive that the plaintiff pay the defendant 25% of the appraised value of the marital residence, less the $25,500 interim award and the sum of $1,972.60 advanced by the plaintiff for the cost of the trial transcript. The court also directed the plaintiff to pay the defendant maintenance in the sum of $1,414 per week for one year, but failed to award the defendant certain maintenance arrears from the date of the pendente lite order to the date of the judgment of divorce. Further, the court directed that each party shall bear the cost of their own counsel fees. The defendant appeals.
Where a prior action for a divorce is withdrawn or discontinued, and the parties "either reconcile or continue the marital relationship, and continue to receive the benefits of the relationship," property acquired after the withdrawal or discontinuance of the prior divorce action may be deemed marital property (Iwanow v Iwanow, 39 AD3d 471, 474). "[I]n order to determine whether this standard has been met, inquiry must be made into the nature of the marital relationship within the context of the statutory scheme for equitable distribution" (id. at 474).
"In recognizing marriage as an economic partnership, Domestic Relations Law § 236 mandates that the equitable distribution of marital assets be based on the circumstances of the particular case and directs the courts to consider a number of statutory factors" (Fields v Fields, 15 NY3d 158, 170). "These factors include the income and property of each party at the time of the marriage, and at the time of the commencement of the action; the duration of the marriage and the age and health of the parties; the extent of any maintenance award; the nontitled spouse's direct or indirect contributions to the marriage, including services as a spouse, parent, wage earner and homemaker; the liquid or illiquid character of the marital property; the probable future financial circumstance of each party; the tax consequence to each party; the wasteful dissipation of assets by either spouse; and any transfer or encumbrance made in contemplation of a matrimonial action without fair consideration" (Kaufman v Kaufman, 189 AD3d 31, 55-56; see Domestic Relations Law § 236[B][5][d]). These factors "reflect[ ] an awareness that the economic success of the partnership depends not only upon the respective financial contributions of the partners, but also on a wide range of nonremunerated services to the joint enterprise, such as homemaking, raising children, and providing the emotional and moral support necessary to sustain the other spouse in coping with the vicissitudes of life outside the home" (Price v Price, 69 NY2d 8, 14 [internal quotation marks omitted]).
Here, the parties resided together in the marital residence from 1998 until the commencement of the subject action in 2015, and for most of that time, shared the marital residence with the children. During that time, the parties visited relatives and attended social functions together, went on vacations together, and periodically engaged in sexual relations. Although the parties maintained separate bank accounts and credit cards, the parties filed joint tax returns and shared many of the family's expenses, including the children's college tuition and home renovations. Moreover, the parties named each other as executors and beneficiaries in their wills. Thus, the evidence demonstrates that the parties functioned as an "economic partnership" after the [*3]discontinuance of the prior divorce action, and the Supreme Court improperly found that the parties "ceased functioning as an economic partnership" and "lived separate financial lives" starting in 1991 (see Iwanow v Iwanow, 39 AD3d at 475; see also Pasquale v Pasquale, 210 AD2d 387). Consequently, the court improvidently exercised its discretion in directing that the parties retain sole ownership of certain assets in their own names.
Moreover, there was no written agreement to keep the parties' finances separate (cf. Domestic Relations Law § 236[B][1][d][4]). "Marital partners may agree that property they acquire during the marriage will be divided in a particular manner, but that agreement must be in writing" (Cooper v Cooper, 217 AD2d 904, 904-905; see Domestic Relations Law § 236[B][3]), or "be part of an oral stipulation placed upon the record in open court and acknowledged in writing to be free from fraud, undue influence and duress" (Cooper v Cooper, 217 AD2d at 905). Here, the alleged oral agreement between the parties does not constitute such an agreement. Thus, the distribution of marital property "must be based upon the equitable consideration and application of . . . enumerated factors" (id.; see Domestic Relations Law § 236[B][5][c], [d]), and the court is required to "set forth the factors it considered and the reasons for its decision" (Domestic Relations Law § 236[B][5][g]). Here, the Supreme Court failed to set forth the factors it considered in making its decision as to equitable distribution, since the court only indicated that it relied upon the parties' alleged oral agreement (see Ritornato v Ritornato, 186 AD3d 1422, 1424).
Accordingly, we remit the matter to the Supreme Court, Dutchess County, for a new determination of the issue of equitable distribution based upon findings of fact in compliance with Domestic Relations Law § 236(B).
Furthermore, the Supreme Court erred in denying that branch of the defendant's motion which was for an award of counsel fees. Contrary to the plaintiff's contention, the defendant's motion was not untimely, as it was made prior to the entry of the judgment of divorce (see Domestic Relations Law § 237[a]). By statute, there is "a rebuttable presumption that counsel fees shall be awarded to the less monied spouse" (id.). Here, since the defendant was the less monied spouse, the rebuttable presumption is applicable, and the plaintiff did not rebut that presumption (see Macaluso v Macaluso, 145 AD3d 1295, 1297). Further, the equitable distribution award "did not alter the [defendant's] status as the less-monied spouse," since it had no direct impact on either party's income (Kimberly C. v Christopher C., 155 AD3d 1329, 1336). Where, as here, the parties did not stipulate that an award of counsel fees could be decided solely on the basis of the parties' submissions, the defendant is entitled to an evidentiary hearing on the issue (see O'Connor v O'Connor, 89 AD3d 703, 704).
Accordingly, we also remit the matter to the Supreme Court, Dutchess County, for a hearing and determination as to the appropriate amount of counsel fees incurred by the defendant (see Tenaglia v Tenaglia, 134 AD3d 801, 803).
The defendant's remaining contention is without merit.
CHAMBERS, J.P., AUSTIN, MILLER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court