Matter of Dellorusso v Dellorusso (2023 NY Slip Op 04999)

Matter of Dellorusso v Dellorusso

2023 NY Slip Op 04999

Decided on October 4, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2022-02816
 (Docket Nos. F-1400-2021/21A, F-08594-2020/20A/B/C)

[*1]In the Matter of Lorenzo Dellorusso, appellant,
v
Dawn Dellorusso, respondent.

Law Offices of Daniel B. Nottes, PLLC, New York, NY, for appellant.
Feinstein & Naishtut, LLP, Rye Brook, NY (Norman B. Naishtut of counsel), for respondent.

DECISION & ORDER
In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Westchester County (Nilda Morales-Horowitz, J.), entered April 5, 2022. The order denied the father's objections to so much of an order of the same court (Rosa Cabanillas-Thompson, S.M.) dated December 20, 2021, as granted, without a hearing, that branch of the mother's motion which was pursuant to CPLR 3126 to dismiss the father's petition for a downward modification of his child support obligation without prejudice.
ORDERED that the order entered April 5, 2022, is affirmed, with costs.
The parties, who have four children together, were divorced by a judgment of divorce entered November 1, 2016. The judgment of divorce, which incorporated, but did not merge, the terms of a stipulation of settlement dated September 29, 2016, directed the father to pay monthly child support for the parties' children. In December 2020, the father filed a petition for a downward modification of his child support obligation. The mother subsequently moved, inter alia, pursuant to CPLR 3126 to dismiss the father's petition based on the father's failure to comply with discovery. By order dated December 20, 2021, a Support Magistrate, among other things, granted, without a hearing, that branch of the mother's motion which was pursuant to CPLR 3126 to dismiss the father's petition without prejudice. In the order appealed from, the Family Court denied the father's objections to the Support Magistrate's order. The father appeals.
"[T]he nature and degree of the penalty to be imposed pursuant to CPLR 3126 is a matter within the discretion of the court" (Matter of Blauman-Spindler v Blauman, 68 AD3d 1105, 1107; see Matter of Landrigen v Landrigen, 173 AD2d 1011, 1012). Pursuant to CPLR 3126, if a party "refuses to obey an order for disclosure or willfully fails to disclose information," the court may dismiss the action (see id. § 3126[3]). The willful and contumacious character of a party's conduct can be inferred from either the repeated failure to respond to demands or comply with discovery orders, without a reasonable excuse for these failures, or the failure to comply with court-ordered discovery over an extended period of time (see Ritornato v Ritornato, 186 AD3d 1422, 1424). Here, contrary to the father's contention, the record supports a finding that the father willfully failed to respond to discovery demands and comply with court-ordered discovery, justifying the [*2]dismissal of his petition for a downward modification of his child support obligation without prejudice.
The father's remaining contentions are without merit.
Accordingly, the Family Court properly denied the father's objections to the Support Magistrate's order.
DILLON, J.P., MILLER, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court