Matter of Mackay v Bencal (2024 NY Slip Op 04266)

Matter of Mackay v Bencal

2024 NY Slip Op 04266

Decided on August 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LILLIAN WAN
CARL J. LANDICINO, JJ.

2023-05104 
2023-05108
 (Docket Nos. V-18011-17, V-3935-18)

[*1]In the Matter of Brian Mackay, respondent,
v
Taylor Bencal, appellant. (Proceeding No. 1)
In the Matter of Taylor Bencal, appellant,
v Brian Mackay, respondent. (Proceeding No. 2)

Tabat, Cohen, Blum, Yovino & Diesa, P.C., Hauppauge, NY (Angela A. Ruffini, Kevin Mulligan, and Robert A. Cohen of counsel), for appellant.
Quatela | Chimeri, PLLC, Hauppauge, NY (Christopher J. Chimeri, Sophia Arzoumanidis, Alison Leigh Epilone, and Nicole J. Brodsky of counsel), for respondent.
Laurette D. Mulry, Central Islip, NY (John B. Belmonte of counsel), attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from (1) an order of the Family Court, Suffolk County (James F. Quinn, J.), dated May 17, 2023, and (2) an order of protection of the same court dated May 17, 2023. The order, insofar as appealed from, after a hearing, granted the father's petition for sole legal and residential custody of the parties' child, conditioned any future therapeutic, supervised, and/or unsupervised parental access between the mother and the child upon the mother participating in psychotherapy and upon the determination of the father and Dr. Barbara Burkhard, granted the father's application for an award of counsel fees to the extent of directing the father to submit proof and documentation and the mother to submit opposition thereto, denied the mother's petition for sole legal and residential custody of the parties' child, and directed that the mother have no contact with the parties' child pending further order of the Family Court. The order of protection, inter alia, directed the mother to stay away from the parties' child, including refraining from any communication with the child, until and including May 17, 2025.
ORDERED that the order is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provision thereof conditioning any future therapeutic, supervised, and/or unsupervised parental access between the mother and the parties' child upon the mother participating in psychotherapy and upon the determination of the father and Dr. Barbara Burkhard, (2) by deleting the provision thereof granting the father's application for an award of counsel fees to the extent of directing the father to submit proof and documentation and the mother to submit [*2]opposition thereto, and (3) by deleting the provision thereof directing that the mother have no contact with the parties' child pending further order of the Family Court; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, to establish an appropriate parental access schedule for the mother; and it is further,
ORDERED that pending the establishment of an appropriate parental access schedule for the mother, the mother shall have supervised parental access with the parties' child as ordered by the Family Court; and it is further,
ORDERED that the order of protection is reversed, on the law, without costs or disbursements.
The parties are the unmarried parents of one child, who was born in 2015. After the parties ended their relationship in 2017, the mother and the child moved out of the house they had been living in with the father. Thereafter, the mother enrolled the child in therapy because the child was having separation anxiety when transitioning from the mother to the father during the father's parental access with the child. Each parent petitioned for sole legal and residential custody of the child. In 2022, the Family Court held a fact-finding hearing. In an order dated May 17, 2023 (hereinafter the custody order), the court, among other things, determined that the mother had alienated the child from the father and granted the father's petition for sole legal and residential custody of the child and denied the mother's petition for sole legal and residential custody of the child. The custody order also directed the mother to "engage in individual therapy with a psychologist or psychiatrist for the purpose of understanding the needs of the [c]hild to have a relationship with the [f]ather and to recognize, acknowledge and express insight as to how her behaviors have impacted the child and the child's relationship with her father." The custody order further directed that once "the [m]other has been engaged in individual therapy with a psychologist or psychiatrist, and she has recognized, acknowledged and expressed insight as to how her behaviors have impacted the child and the child's relationship with her father and the [c]hild has returned to her normal loving relationship with her [f]ather," the mother's therapist "shall communicate with Dr. [Barbara] Burkhard" that the mother has "accomplished the goals as stated" in the court's order. Then, "Dr. Barbara Burkhard will communicate with the [f]ather to discuss [i]f it is appropriate to begin therapeutic supervised [parental access]." The court also granted the father's application for an award of counsel fees to the extent of directing the father to submit proof and documentation and the mother to submit opposition thereto. The court further directed that the mother have no contact with the child pending further order of the court. Finally, the court contemporaneously issued a full stay-away order of protection in favor of the child and against the mother to remain in effect until and including May 17, 2025, subject to the terms of the custody order. The mother appeals.
Contrary to the mother's contention, the Family Court's determination that it was in the child's best interests to grant the father's petition for sole legal and residential custody and to deny the mother's petition for sole legal and residential custody is supported by a sound and substantial basis in the record (see Matter of Chung v Toppin, 209 AD3d 647). In determining the child's best interests, the court must consider, among other things, "(1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (Rosenstock v Rosenstock, 162 AD3d 702, 703 [internal quotation marks omitted]). "An appellate court must accord the hearing court, which observed witnesses and evaluated evidence first hand, great deference and the hearing court's findings should not be lightly disregarded unless such findings lack a sound and substantial basis in the record" (Neuman v Neuman, 19 AD3d 383, 384).
Initially, we agree with the mother that the Family Court improperly admitted certain supervised parental access reports containing the hearsay opinions of a supervised parental access evaluator. To the extent, however, that the supervised parental access evaluator may have incorporated inadmissible hearsay into those supervised parental access reports, we find that the admissible evidence in the record was sufficient to support the court's determination to grant the [*3]father's petition for sole legal and residential custody of the child and to deny the mother's petition for sole legal and residential custody of the child, and we would independently reach the same result based upon the unobjectionable portions of the record (see Lubit v Lubit, 65 AD3d 954). The admissible evidence, which included the parties' testimony, a report of a forensic evaluator, and four reports to the New York State Central Register of Child Abuse and Maltreatment concerning the father's alleged abuse of the child, including two reports of alleged sexual abuse, all of which were determined to be "unfounded," provided a sound and substantial basis for the court's determination that the mother alienated the child from the father. At the same time, the evidence at the hearing established that the father was the parent more able to provide for the child's stability and to foster a relationship with the noncustodial parent (see Matter of Merchan v Hoyos, 199 AD3d 919). Finally, the court made detailed credibility findings as to the testimony of the mother, the father, and a therapist who had treated the child since the child was approximately 2½ years old. Upon our review, the court's credibility determinations have a sound and substantial basis in the record (see Matter of Roldan v Nieves, 76 AD3d 634, 635; Wasserman v Wasserman, 66 AD3d 880, 883-884).
However, we agree with the mother that the Family Court improperly issued an order of protection against her. "Pursuant to Family Court Act § 656, the Family Court may issue an order of protection in conjunction with any other order issued pursuant to Family Court Act article 6" (Matter of Craig S. v Emily S., 149 AD3d 751, 753 [internal quotation marks omitted]). Under the circumstances presented, the court's determination to issue a two-year full stay-away order of protection, subject to the provisions of the custody order, lacked a sound and substantial basis in the record.
We further agree with the mother's contention that it was error for the Family Court to condition any future therapeutic, supervised, and/or unsupervised parental access between the mother and the child upon the mother's participation in psychotherapy (see Muller v Muller, 221 AD2d 635; Matter of Tito G. v Thelma G., 187 AD2d 651) and upon the determination of the father and Dr. Barbara Burkhard (see Matter of Sinnott-Turner v Kolba, 60 AD3d 774, 776).
Finally, the Family Court improperly granted the father's application for an award of counsel fees without holding a hearing or without a stipulation between the parties waiving a hearing (see Potvin v Potvin, 193 AD3d 995).
BARROS, J.P., FORD, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court